## WILLS v. FORT SMITH.

Opinion delivered February 15, 1902.

1. MUNICIPAL ORDINANCE—WEIGHING COAL.—A city ordinance which, after providing that all coal sold in the city shall be weighed upon the city scales, directs that the sum of 10 cents shall be paid to the weighmaster for the weighing "of any load or part of a load," refers to wagon loads, and not to sales of small quantities, such as a basket or wheelbarrow of coal. (Page 223.)

2. Same—Authority to Pass Ordinance.—Under Sand. & H. Dig., § 5132, authorizing cities "to provide for the measuring or weighing of hay, wood or any other article for sale," a city has power to require parties selling coal in the city to weigh the same on scales provided by the city, and to pay a reasonable fee for the weighing. (Page 224.)

3. Same—Amount of Fee.—In fixing the amount of the fee required for weighing coal, the council may take into consideration all legitimate expenses required for the enforcement of·the ordinance, including the expense of furnishing scales and keeping them in repair, of hiring a weighmaster and assistants, and of furnishing necessary police superintendence. (Page 224.)

4. Discretion of Council—Judicial Interference.—As the exact size of the fee required to pay the necessary expense of enforcing an ordinance for the public weighing of coal cannot be ascertained in advance, the courts will not interfere with the action of the council when the fee is not plainly unreasonable and excessive. (Page 224.)

5. Reasonableness of Ordinance—Distance of Scales from Coal Yards.—The fact that the city scales are ten blocks from plaintiff's coal yards during the summer months when little coal is sold does not render the ordinance requiring coal to be weighed on the public scales unreasonable if the city maintained scales near plaintiff's coal yards during the winter months. (Page 224.)

Appeal from Sebastian Circuit Court.

Styles T. Rowe, Judge.

Affirmed.

STATEMENT BY THE COURT.

The city council of Fort Smith on 5th of February, 1900, passed an ordinance, the first section of which provides as follows: "It shall be unlawful for any person hereafter to sell, barter or exchange coal in any quantity in the corporate limits of this city until they have first weighed the same upon the city scales of the city of Fort Smith and paid the weighman the sum of 10 cents for the weighing of any load or part of a load of coal." The second section of the act provides that any person violating the ordinance shall be fined not less than $5 nor more that $25. E. C. Wills, a coal dealer in Fort Smith, brought this action to enjoin the city from enforcing, or attempting to enforce, said ordinance, on the ground that the ordinance was void. The city appeared by counsel, and filed an answer denying the material allegations in the com-

plaint. The evidence showed that the total revenue to the city from the scales was over $1,400, while the expenses in operating the scales was above $1,300. On the hearing the circuit court found in favor of the defendant, that the ordinance was valid, and dismissed the complaint. Plaintiff appealed.

*Read & McDonough,* for appellant.

The ordinance is void because it deprives persons affected of their property without regard for the public good. Cooley, Const Law, 247. The ordinance is also void because it is for revenue only. 34 Ark. 609; 41 N. J. L. 78; 33 *ib.* 280-283; 42 N. J. L. 365; 43 N. J. L. 175; 2 Dutch. 298.

*F. M. Jamison,* for appellee.

Under § 5132, Sand. & H. Dig., the city had authority to regulate "the weighing of hay, wood or any other articles of sale." 34 Ark. 603. The sum made collectible under the ordinance is not unreasonable or excessive, and therefore is not invalid. Tied. Police Power, 274; 2 Beach, Pub. Corp. § 1255; 34 Ark. 603; 64 Ark. 162; 125 Wis. 752.

RIDDICK, J., (after stating the facts.) The questions presented by this appeal relate to the validity of an ordinance of the city of Fort Smith in reference to the weighing of coal sold in that city. Plaintiff, a coal dealer in that city, contends that the ordinance is void on the ground that it is unreasonable and oppressive, and operated to deprive plaintiff of his property without due process of law, and for the further reason that it was passed for the purpose of raising revenue for the city.

The ordinance in question, after providing that all coal sold in the city shall be weighed upon the city scales, directs that the sum of 10 cents shall be paid to the weighmaster for the weighing "of any load or part of a load of coal." The word "load," used in the ordinance, is rather indefinite, and might be said to include a car load or wheelbarrow load of coal as well as a wagon load. But, as the evident intention of this ordinance was to protect the residents of the city who were purchasers and consumers of coal against fraud, imposition or mistake in the weighing of the same, and as coal is usually delivered to consumers by wagons, either in full loads or in parts of a load, we think it is evident that the word "load" in the ordinance refers to wagon loads, and that it has no

application to sales of very small quantities, such as a bucket or wheelbarrow load of coal. In fact, the mayor of the city testified that the ordinance was construed by the city authorities to apply only to cases where the delivery was by wagon in loads or parts of loads, and we are willing to adopt this construction of it.

Now, our statute expressly grants power to cities "to provide for the measuring or weighing of any wood or other article of sale." Sand. & H. Dig. § 5132. Under this statute the city had the power to require parties selling coal in the city to weigh the same on scales provided by the city, and to pay a reasonable fee for the weighing. *Taylor* v. *Pine Bluff,* 34 Ark. 603.

While under our statute an ordinance of this kind cannot be passed for the purpose of taxation and raising a revenue, yet fees can be imposed sufficient to cover the necessary expenses incident to the enforcement of the ordinance. The city council is required to determine what fees will be necessary for that purpose. And, in arriving at their conclusion on that question, they may take into consideration all legitimate expenses required for the enforcement of the ordinance, including, as we think, any extra police superintendence necessary for that purpose. *City of Fayetteville* v. *Carter,* 52 Ark. 301.

As the exact size of the fee required cannot always be ascertained in advance, the courts will not interfere with the action of the council when the fees imposed are not plainly unreasonable and excessive. *Taylor* v. *Pine Bluff,* 34 Ark. 603; *Fayetteville* v. *Carter,* 52 Ark. 301; *Hot Springs* v. *Curry,* 64 Ark. 152.

After considering the facts proved in the case, we think the evidence does not show that this ordinance was passed for the purpose of raising revenue. On the contrary, there is evidence to justify a finding that the annual expenses of the city in furnishing and keeping in repair scales, in hiring assistant weighmaster required, and in furnishing necessary police superintendence, very nearly equal the revenue arising from the fees imposed for weighing.

As to the contention that the ordinance is unreasonable and oppressive, the evidence shows that the coal yards and place of business of plaintiff are situated about ten blocks distant from the public scales, which are operated by the city continuously during the year. On this account the ordinance does impose some hardship on plaintiff, especially in cases where the coal is sold in small quantities to persons who wish the same delivered at or near the

coal yard of plaintiff. In such a case it is no doubt very inconvenient to be compelled to carry the coal over half a mile to the scales for weighing, and then return with it to the yards or near them for delivery. But it was shown that from 1st of November to 1st of April, during the season when coal was most in demand, the city maintained and operated two public scales, one of which was near plaintiff's yards. From the 1st of April to 1st of November the scales located near the coal yards were not operated, for the reason that during that time of the year the demand for coal was small, and the expense of operating the scales was greater than the income from the fees charged. While, as before stated, the requirement that even small quantities of coal, when sold, must be weighed on the city scales imposes during the summer, when only one pair of scales is operated by the city, some unnecessary inconvenience and expense on plaintiff, still, taking into consideration that this is during a season when not much coal is sold, a majority of us are of the opinion that the ordinance is not so clearly unreasonable and oppressive as to justify a court in holding it invalid. It is often that city ordinances occasion individual inconvenience and even hardship. The powers which are vested by law in municipal legislatures are at times exercised unwisely; for these, like other human tribunals, are not infallible. But it does not follow, because an ordinance operates to the annoyance and inconvenience of a citizen, instead of to his benefit, that it is invalid, or that the courts can for that reason interfere with the local concerns of the city, and declare the ordinance invalid. On the whole case, a majority of the judges are of the opinion that the judgment of the circuit court is right, and it is therefore affirmed.

HUGHES, J., and BATTLE, J., dissent on the ground that the ordinance in question is unreasonable and oppressive, and therefore void.