GEURIN v. CITY OF LITTLE ROCK.

4230                                                       155 S. W. 2d 719

Opinion delivered November 17, 1941.

*Herman E. McKaskle* and *June P. Wooten,* for appellant.

*James I. Teague* and *Cooper Jacoway,* for appellee.

Mehaffy, J. This case involves the constitutionality of ordinance No. 5959 of the city of Little Rock, passed July 29, 1940, the title of which is: "An ordinance amending ordinance 5745 providing for the collection of garbage, waste, trash and refuse in the city of Little Rock, providing for inspection of premises, fixing a schedule of fees for said services, providing a penalty for the violation hereof, providing for disposition of any surplus of fees collected under this amendment, repealing all ordinances in conflict herewith, and for other purposes."

The appellant, W. A. Geurin, was convicted in the municipal court of the city of Little Rock for a violation of this ordinance. He prosecuted an appeal to the circuit court of Pulaski county where the case was tried in May, 1941, both parties waiving a jury, and agreeing to try said cause before the court sitting as court and jury. Said cause was submitted to the court upon the transcript from the Little Rock Municipal Court and upon oral evidence. After hearing the evidence and argument of counsel, the court found the defendant guilty as charged. The court affirmed the judgment of the Little

Rock Municipal Court and assessed a fine of $5, suspending said fine until the further orders of the court. From that judgment, this appeal is prosecuted.

It is contended by the appellant that the ordinance is void because it levies an illegal tax and makes failure to pay this illegal tax a criminal offense. Appellant states that ordinances of cities and towns depend for their validity on the authority granted by the Legislature. This is true. The Legislature, however, has granted to cities the power to prevent injury or annoyance within the limits of the corporation from anything dangerous, offensive or unhealthy. Section 9589, Pope's Digest.

This court said in the case of *Bowers* v. *City of North Little Rock,* 190 Ark. 175, 77 S. W. 2d 797: "One has no vested rights in the benefits to be derived from any contract where to continue such contract would be inimical to the public health and safety, nor is this contract such that its obligations may not be impaired. It is familiar law that the state cannot part with its right to exercise the inherent attributes of sovereignty, among which undoubtedly is the police power. The retention and exercise of this power by the state is necessary for the protection of citizens and cannot by any means be bartered away. This applies to the police power delegated to municipal corporations. It is a continuing power which the municipality cannot part with by contract, or by other means."

Questions of this kind have been before this court many times, and it has always been held that the city has the power to provide by proper ordinance for the removal, at suitable intervals, of garbage, waste, trash, and refuse. Of course, the ordinance must be reasonable.

As was said in the case of *Dreyfus* v. *Boone,* 88 Ark. 353, 114 S. W. 718: "We entertain no doubt that a city has the power to provide by proper ordinance regulations requiring the removal at suitable intervals of the deposits from unsewered privies and to grant the exclusive right to one or any limited number of persons to do the work for a rate of compensation to be fixed by the city and to be paid by the owner or occupant of the premises. The statutes of the state confer upon municipal corporations

the power thus to provide for the safety, health, and welfare of the inhabitants thereof.''

This court, in the case of *Duckworth* v. *State,* 201 Ark. 1123, 148 S. W. 2d 656, quoted with approval a statement of the Supreme Court of the United States in the case of *Ouachita Packet Co.* v. *Aiken,* 121 U. S. 444, 7 S. Ct. 907, 30 L. Ed. 976. The question there was whether the ordinance providing for wharfage was valid, and the United States Supreme Court said: ''The manner in which the receipts are to be appropriated does not change the character of the charges made. In the case of *Huse* v. *Glover,* 119 U. S. 543, 7 S. Ct. 313, 30 L. Ed. 487, it was said: 'By the terms tax, impost, duty, mentioned in the ordinance (the Ordinance of 1787), is meant a charge for the use of the government, not compensation for improvements. The fact that if any surplus remains from the tolls, over what is used to keep the locks in repair, and for their collection, it is to be paid into the state treasury as a part of the revenue of the state, does not change the character of the toll or impost. In prescribing the rates it would be impossible to state in advance what the tolls would amount to in the aggregate. That would depend upon the extent of business done; that is, the number of vessels and amount of freight which may pass through the locks. Some disposition of the surplus is necessary until its use shall be required, and it may as well be placed in the state treasury, and probably better, than anywhere else'.''

It would have been impossible for the city council, at the time it passed this ordinance, to have known exactly what the expense of collecting the garbage, etc., would amount to. It is the duty of the council in passing any ordinance to make a fair, reasonable estimate, and if, when it has done this, the amount collected happens to be in excess of the necessary amount, the ordinance would not for that reason be void.

Appellant contends that the ordinance is void because it provides for imprisonment for debt. We do not agree with appellant in this contention. It provides for punishment for the violation of law, just as it is provided if one is charged with false pretenses, in which

case he is not imprisoned for debt, but for a violation of the law.

Appellant says the ordinance imposes excessive fines and cruel and unusual punishment. It is somewhat difficult to say what punishments are cruel and unusual within the meaning of the Constitution, but certainly the ordinance here involved provides for no punishment which could be termed "cruel and unusual."

The New Jersey Supreme Court said: "In a limited sense, anything is cruel which is calculated to give pain or distress. And, since punishment imports pain or suffering to the convict, it may be said that all punishments are in some sense cruel. But, of course, the Constitution does not mean that crime for this reason is to go unpunished. On the contrary, it plainly contemplates that crime can only be effectively deterred by inflicting some sort of pain or suffering upon the convicted offender." *State* v. *Tomasi,* 75 N. J. L. 739, 69 Atl. 214.

"It also has been held that, while a constitutional provision prohibiting cruel and unusual punishment was intended to prohibit torture and agonizing punishment, it was never intended to abridge the selection by the lawmaking power of such kind of punishment as it deemed most effective in the suppression of crime." 24 C. J. S., Criminal Law, p. 1186, § 1978.

In 15 Amer. Juris., 173, it is stated: "However, it is said that a punishment authorized by statute is never held cruel or unusual or disproportionate to the nature of the offense unless it is a barbarous one unknown to the law or so wholly disproportionate to the nature of the offense as to shock the moral sense of the community."

The question of laws passed under the police power has been before the courts of this country many times, and it would be impossible and serve no useful purpose to undertake to review all of them. This court has had occasion to pass on the question several times. *Brewster* v. *Pine Bluff,* 70 Ark. 28, 65 S. W. 934; *Wills* v. *City of Ft. Smith,* 70 Ark. 221, 66 S. W. 922; *N. Little Rock* v. *Rose,* 136 Ark. 298, 206 S. W. 449. See, also, *Reinman* v. *City of Little Rock,* 237 U. S. 171, 35 S. Ct. 511, 59 L. Ed.

900. We entertain no doubt that ordinance 5959 is valid under the police power. It is said in 11 Amer. Juris., § 245: "The police power is an attribute of sovereignty and a necessary attribute of every civilized government. It is a general term used to express the particular right of a government which is inherent in every sovereignty. Consequently, it is inherent in the states of the American union, possessed by every one of them as sovereign, and is not a grant derived from or under any written Constitution. In connection with this latter principle, the point of view has been expressed that the police power is a grant from the people to their governmental agents. It has also been affirmed, however, in discussing the source of the power, that the right of the Legislature to exercise the police power is not only not referable to any single provision of the Constitution, but inheres in, and springs from, the nature of our institutions; and so the limitations upon it are those which spring from the same source, as well as those expressly set out in the Constitution. It is very generally regarded not as a delegated, but a reserved, power.

"The police power is as old as the civilized governments which exercise it. The states existed before the Constitution of the United States, and they possessed the police power before the adoption of that organic document. Moreover, it has been held many times that the Constitution supposes the pre-existence of the police power, and must be construed with reference to that fact. . . . Moreover, it has been said that the very existence of government depends on it, as well as the security of the social order, the life and health of the citizen, the enjoyment of private and social life, and the beneficial use of property."

One of the most important fields of legislation that may be enacted under the police power is that of regulations in the interest of public health. If a city could not enact laws of this sort to protect the health of its citizens, any kind of disease might be permitted to spread among the inhabitants, resulting in great damage. It would be useless to undertake to review, or even collect,

the many authorities on this subject; but it is generally held that measures of this nature may be enacted.

It is our conclusion that the ordinance is valid, and the judgment of the circuit court is affirmed.