The Honorable Jerry Hunton State Representative 14221 Greasy Valley Road Prairie Grove, Arkansas 72753
Dear Representative Hunton:
This is in response to your request for an opinion on three questions:
 1. Given the statutory language contained in A.C.A. 8-6-609(c)(2) and 8-6-610[(b)](4), is it proper for the Arkansas Department of Pollution Control and Ecology to issue grant money to Solid Waste Management Districts or Local Entities of Government to develop waste handling facilities or programs that go into direct competition with the private sector waste handling companies, particularly in light of the fact the private sector is not grant eligible?
 2. Is it proper for the Arkansas Department of Pollution Control and Ecology to issue Letters of Authorization versus Permits to Solid Waste Handling Facilities?
 3. Under what circumstances can the Arkansas Department of Pollution Control and Ecology withhold funds from Solid Waste Districts?
Arkansas Code Annotated § 8-6-609(c)(2) provides that assistance to a local government or solid waste authority under the grant program established under the Solid Waste Management and Recycling Fund Act, A.C.A. §§ 8-6-601 to -611 (Repl. 1993) (the "Recycling Fund Act"),[1]
 shall not be provided for the purpose of purchasing mechanical processing equipment or facilities if existing mechanical processing equipment or facilities adequately serve the relevant area, unless the [Department of Pollution Control and Ecology] determines that the equipment or facility is an indispensable component of an otherwise eligible grant project and would more efficiently serve the relevant area.
Arkansas Code Annotated § 8-6-610(b)(4) provides that rules adopted to implement the Recycling Fund Act by the Arkansas Pollution Control and Ecology Commission (the "Commission") shall provide that applicants for grants will, among other things,
 [i]n the case of mechanical processing equipment or facilities, provide information that reasonably demonstrates that existing mechanical processing equipment or facilities are not serving or could not serve the relevant area. An applicant wishing to obtain a grant to purchase mechanical processing equipment or facilities with grant funds must describe in detail the equipment to be purchased and explain why the applicant has concluded that such equipment is not available in the private sector. . . .
The Commission has adopted Regulation No. 11 containing, among other things, rules governing grants made under the Recycling Fund Act. In addition, the Commission and the Arkansas Department of Pollution Control and Ecology (the "Department") from time to time issue grant requirements applicable to a particular "round" of grants under the Recycling Fund Act.
In my opinion, there is nothing improper in the award under the Recycling Fund Act of grants that will be used in developing waste handling facilities or programs that will compete with private enterprises provided that, with respect to grant funds to be used to acquire "mechanical processing equipment or facilities," either "existing mechanical processing equipment or facilities [do not] adequately serve the relevant area," or "the equipment or facility is an indispensable component of an otherwise eligible grant project and would more efficiently serve the relevant area," and provided further that the grant application meets the requirements of A.C.A. § 8-6-610(b)(4). A local governmental body is not prohibited from providing services or engaging in activities in competition with local businesses if the services or activities are properly within the governmental body's power and authority. See Ops. Att'y Gen. 95-138 and 93-237 (copies enclosed). Indeed, local governments may displace competition and establish monopolies for solid waste management and disposal services. LHSanitation v. Lake City Sanitation, 769 F.2d 517 (8th Cir. 1985), citingGeurin v. City of Little Rock, 203 Ark. 103, 155 S.W.2d 719 (1941). The fact that private enterprises are not eligible for grants under the Recycling Fund Act[2] does not, in my opinion, affect the ability of local governmental bodies to compete with private businesses.
With respect to your second question, it is my opinion that nothing in the Arkansas Solid Waste Management Act, A.C.A. §§ 8-6-201 to -222 (Repl. 1993) (the "Solid Waste Act"), expressly authorizes the Department to issue "letters of authorization." Arkansas Code Annotated § 8-6-205(a)(2) provides that it is unlawful for any person "[t]o construct, install, alter, modify, use, or operate any solid waste processing or disposal facility or disposal site without a permit from the commission. . . ." It is thus my opinion that, if the "solid waste handling facility" mentioned in your request constitutes a "solid waste processing or disposal facility or disposal site" within the meaning of the Solid Waste Act, the handling facility must be constructed, installed, etc., under a "permit" or not at all.
The foregoing conclusion does not necessarily mean, however, that the issuance of a letter of authorization under the Solid Waste Act is improper or illegal. In my opinion, the name given to the document evidencing the permission required by the Solid Waste Act is not controlling. If a given "letter of authorization" is issued in compliance with, and after the occurrence of all procedural steps required by, the Solid Waste Act, the various other statutes applicable to the issuance of permits, and the regulations of the Commission and Department, the letter of authorization constitutes, in fact, the permit required by the Solid Waste Act, notwithstanding its title. Whether a particular letter of authorization constitutes a permit will depend upon all the facts and circumstances of the case.
I assume your third question refers to grant funds under the Recycling Fund Act. The general nature of the question prevents me from providing a definitive answer. Funds are available to local governmental bodies under the Recycling Fund Act as grants, not as absolute entitlements. In order to receive a grant, a local governmental body must be eligible under the Recycling Fund Act and Regulation No. 11 to make application (see A.C.A. § 8-6-609(a) and section 2 of part II of Regulation 11), and must actually file an application (see A.C.A. § 8-6-610(b)(5) and section 3.4 of part II of Regulation 11).
A grant application might be denied for any number of reasons, including, but not limited to, the following: the application might be incomplete (see section 3.4 and 5.5(b) of part II of Regulation 11) or received in an untimely manner (see section 5.5(a) of part II of Regulation 11); the application might be made by a body that has not satisfied certain prerequisites (see A.C.A. §§ 8-6-610(b)(4) and (5), and section 3 of part II of Regulation 11); the application might request funds for purposes not eligible for grants (see A.C.A. § 8-6-609(a) and section 4 of part II of Regulation 11); the application might request funds in amounts and for purposes that, if funded, would cause the total amount of grants for that purpose to exceed certain maximums or the amount of funds available (see A.C.A. §§ 8-6-609(c)(3) and (4), and,e.g., Grant Requirements for Grant Round No. 3); or the project proposed to be funded by a grant might be deemed by the Department not to "comply with the requirements and intent" of the Recycling Fund Act (see A.C.A. § 8-6-609(c)(6)).
There are also provisions in the Recycling Fund Act, Regulation 11, and grant requirements for particular grant rounds requiring matching funds from applicants; providing for grant suspension and termination; and requiring reimbursement of grants in certain circumstances. The operation of any of these provisions might cause the withholding of funds from an applicant or require reimbursement from a grant recipient.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] The Act was amended by Acts 463 and 511 of 1995, but not in any respect relevant to your inquiries or the conclusions reached in this opinion.
[2] It might be noted in this respect that the Department has indicated that certain public-private partnerships are eligible to receive grants.See, e.g., Grant Requirements for Grant Round No. 3 (1993).