William Nathan MARTIN *v.* STATE of Arkansas

CR 98-387                                   989 S.W.2d 908

Supreme Court of Arkansas
Opinion delivered May 6, 1999

*Hurst Law Offices*, by:  Q. *Byrum Hurst, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by:  *Sandy Moll*, Ass't Att'y Gen., for appellee.

P ER CURIAM.  In 1995, the appellant, William Nathan Martin, pleaded guilty to one count of violation of the Arkansas Hot Check Law by writing an insufficient check for over $200.  The Court that accepted his plea ordered that he be placed under supervised probation for a period of three years.  In August of 1996, Martin was arrested and subsequently charged with rape and burglary.  As a result of these charges and Martin's violation of other conditions of his probation, the State filed a petition to revoke his probation.  The Trial Court, after a hearing, revoked Martin's probation and then sentenced him to ten years in the Arkansas Department of Correction.  The Trial Court then filed a departure report that explained that the court departed more than

five percent from the presumptive sentence because Martin committed additional felonies while on probation.

Martin appealed his sentence to the Court of Appeals. He argued that the Trial Court erred in departing from the sentencing guidelines by over five percent. The Court of Appeals declined to reach that argument, however, because it was not preserved with an objection below.

Martin subsequently filed a petition for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37. In his petition, appellant alleged that the attorney who represented him during the revocation proceeding performed deficiently when he did not object to the Trial Court's departure from the sentencing guidelines, and that he was prejudiced by this failure because he was precluded from arguing the issue on appeal. In its order, the Circuit Court concluded that counsel was not ineffective for failing to object to the departure because the presumptive sentencing guidelines did not apply to the revocation proceeding. The court noted that Martin received the benefit of the sentencing guidelines when he was given supervised probation. The court further found that even if the presumptive sentencing guidelines applied during the revocation proceeding, the sentencing court stated adequate grounds for departure in the report that it filed with the judgment and commitment order.

On appeal from the Circuit Court's order denying postconviction relief, Martin reiterates his argument that counsel who represented him during the revocation proceeding was ineffective for failing to object to the departure from the sentencing guidelines. We find no merit to this argument and affirm.

■ ■ To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so seri-

ous as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, *i.e.*, the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland v. Washington*, 466 U.S. 668 (1984).

In its response, the State first contends that the presumptive sentencing standards do not apply in revocation proceedings. Specifically, the State refers to Ark. Code Ann. § 16-90-803(a)(1) (Supp. 1995), which provides:

> When a person charged with a felony enters a plea of guilty or no contest, enters a negotiated plea, or is found guilty in a trial before the judge, or when the trial judge is authorized to fix punishment following an adjudication of guilt by a jury pursuant to § 5-4-103, sentencing shall follow the procedures provided in this chapter.

Essentially, the State argues that the sentencing guidelines do not apply to a revocation proceeding because it is not listed among the circumstances in which following the guidelines is mandated. We disagree.

In *Lee v. State*, 299 Ark. 187, 772 S.W.2d 324 (1989), we explained that there is a difference between being sentenced and being placed on probation. We cited Ark. Code Ann. § 5-4-101(2), which provides that "probation" means a "procedure whereby a defendant who pleads or is found guilty of an offense is released by the court *without pronouncement of sentence* but subject to the supervision of a probation officer." (Emphasis added.) We then observed that since the imposition of probation is not a pro-

nouncement of sentence, "if the trial court revokes probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty."

In this case, when Martin was placed on supervised probation for three years, he was not actually "sentenced," and therefore, was not precluded from receiving the benefit of the presumptive sentencing guidelines during the revocation proceeding. In other words, the sentencing court was free to use the guidelines as it determined the appropriate punishment under the circumstances.

Martin further contends, however, that the sentencing court's departure of more than five percent from the presumptive sentencing guidelines was error, and that it was ineffective assistance of counsel to fail to object to that error and at least preserve the issue for appeal. We find no error in the sentencing court's departure from the sentencing guidelines, and therefore, we affirm the Circuit Court's denial of relief on the ineffective assistance of counsel claim.

Ark. Code Ann. § 16-90-804(a)(2)(A) (Supp. 1995), which was in effect at the time that Martin was sentenced, provided as follows:

> For the trial court to depart beyond the five percent (5%) range below or above the presumptive sentence, written justification shall be given for the most serious offense if the sentences are run concurrently or on each offense if the sentences are run consecutively, specifying the reasons for such departure.

§ 16-90-804(d) then provides a "nonexclusive list" of factors that "may" be used as reasons for departure. While "committing additional felonies while on probation" is not on the list of aggravating factors provided by the statute, we find it to be an appropriate reason when the sentence follows a revocation proceeding, and the preponderance of the evidence indicates that the defendant committed other felonies during his probation.

■ ■ We cannot determine, however, if the departure was justified under these circumstances, and therefore whether counsel performed deficiently by failing to object, because Martin has not provided us with an abstract of the revocation proceeding. The Trial Court, in its findings of fact after the conclusion of the revocation hearing, concluded that the evidence offered to show that Martin committed rape and burglary indicated, at least, that he had committed criminal trespass or breaking and entering. Specifically, the court found:

> Notwithstanding the degree of sexual conduct, you entered the home of Ms. Carlin without invitation where Ms. Carlin was asleep and had been with her boyfriend. You entered in the dark uninvited and it is the finding of the Court that the entry was at least an illegal entry arising to at least Criminal Trespass or Breaking and Entering.

Without an abstract of the evidence that was introduced during the revocation proceeding, we have no way to determine if the court's upward departure from the sentencing guidelines was justified. It is the appellant's burden to produce a record sufficient to demonstrate error, and the record on appeal is confined to that which is abstracted. *Midgett v. State*, 316 Ark. 553, 873 S.W.2d 165 (1994). Accordingly, we must affirm on the ineffective assistance of counsel issue.

We note, moreover, that the conviction that was the basis for the ten-year sentence, the violation of Ark. Code Ann. § 5-37-302 *et seq.*, is a Class C felony, for which the range of punishment is not less than three years nor more than ten years in the Arkansas Department of Correction. The sentence that Martin received, even with the upward departure, is within the statutory range.

Affirmed.