Calvin JARRETT, Jr. *v.* CITY of MARVELL

CA CR 99-349                                          9 S.W.3d 574

Court of Appeals of Arkansas
Division IV
Opinion delivered February 2, 2000

*Wilson & Valley*, by: *J.L. Wilson*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. Appellant Calvin Jarrett, a resident of Marvell, Arkansas, was charged with violating City of Marvell Ordinance No. 134, commonly known as the garbage ordinance. Among other things, this ordinance provided for a monthly charge to be levied by the appellee, City of Marvell, against residents of the city for the collection of garbage. Jarrett refused to pay the assessment, was found guilty in Marvell Municipal Court of violating the ordinance, and he appealed the conviction to the Phillips County Circuit Court, arguing that the ordinance was unconstitutional.

During a bench trial, Clark Hall, mayor of Marvell, testified that Ordinance No. 134 requires citizens of Marvell to pay a monthly garbage fee and that Jarrett had refused to pay it. He stated that the ordinance was adopted for the health and well-being of Marvell's citizens. Mayor Hall testified that the City Council of Marvell sets the amount of the monthly fee that each resident is charged for garbage collection under the ordinance, and that the city has a contract with Waste Management of Arkansas to collect and dispose of the city's garbage.

Jarrett testified that he does not pay the garbage fee because he disposes of his garbage in a public dumpster. He stated that he was arrested and taken to the police department where he posted a bond in the amount of $164, which is the amount that Jarrett owed the city in monthly garbage fees. The Phillips County Circuit Court found Jarrett guilty of violating the ordinance, and he was fined $50, ordered to also pay $164 to the City of Marvell, and assessed court costs. The court held that the ordinance was constitutional.

Jarrett brings this appeal contending that the court erred in holding that Ordinance No. 134 is constitutional for three reasons. First, he argues that the ordinance is unconstitutional on its face due to "the lack of empowerment of the appellee to enact and enforce same ..." He seems to be arguing that the city of Marvell does not have the authority to implement a garbage collection and disposal system because the Legislature has not given cities and municipalities the authority to do so. Jarrett argues that because the ordinance does not "within the four-corners of its creation identify any particular constitutional or statutory authority from which it evolves," it is constitutionally defective.

Jarrett refers us to several cases standing for the proposition that cities have no inherent powers, but are limited in their authority and may act only within the powers delegated to them by the Arkansas Constitution and the Legislature. See Potocki v. City of Fort Smith, 279 Ark. 19, 648 S.W.2d 462 (1983), and Taggart & Taggart Seed Co., Inc. v. City of Augusta, 278 Ark. 570, 647 S.W.2d 458 (1983). The validity of any ordinance or regulation enacted by cities and municipalities is dependant upon authority granted either by the Constitution or General Assembly. See Brooks v. City of Benton, 308 Ark. 571, 826 S.W.2d 259 (1992).

■ Regarding the collection and disposal of garbage, not only has the Legislature given cities and municipalities the authority to enact such ordinances, the Legislature has mandated that they do so. Section (a) of Ark. Code Ann. § 8-6-211 (Repl. 1993) states in part:

> All municipalities shall provide a solid waste management system which will adequately provide for the collection and disposal of all solid wastes generated or existing within the incorporated limits of the municipality or in the area to be served and in accordance with the rules, regulations, and orders of the Arkansas Pollution Control and Ecology Commission.

The authority cited by Jarrett simply states that in order for the municipality to enact an ordinance, it must have been granted the authority from the Legislature. Clearly, Ark. Code Ann. § 8-6-211 does so. *See also Geurin v. City of Little Rock*, 203 Ark. 103, 155 S.W.2d 719 (1941).[1]

Jarrett next argues that the selective nature of his prosecution under the ordinance renders it unconstitutional. He asserts, "The testimony of the appellee's Mayor, Clark Hall, that appellant is the only person who has ever been charged and/or arrested for violation of this ordinance even though others may have been in violation demonstrates the unconstitutional selective application of this police power."

■ An ordinance is presumed to be constitutional, and the burden of proving otherwise is on the challenging party. *Craft v. City of Fort Smith*, 335 Ark. 417, 984 S.W.2d 22 (1998).

■ Although Mayor Hall testified that Jarrett was the only person that had been charged with violating Ordinance No. 134, we do not find in the abstract of the record where he testified that others had been guilty of violating the ordinance but not charged. It is Jarrett's burden to produce a record sufficient to demonstrate error. *Martin v. State*, 337 Ark. 451, 989 S.W.2d 908 (1999). The record on appeal is confined to that which is abstracted. *Id.*

---

[1] *Geurin v. City of Little Rock*, 203 Ark. 103, 155 S.W.2d 719 (1941), was decided before Act 237 of 1971 (now codified at Ark. Code Ann. § 8-6-211(Repl. 1993)) was enacted. The court held that an ordinance, which provided for removal of garbage and the assessment of a charge for doing so, is a constitutional exercise of the police power relating to the protection of public health.

■ The ordinance sets a rate of $6 per month for each single residence. Section 14 of the ordinance states:

> Any person, firm or corporation violating any provisions of this Ordinance of failing to pay any fees herein provided, shall be deemed guilty of a misdemeanor and upon conviction in the City Court of the City of Marvell, Arkansas, shall be fined in any sum not to exceed fifty ($50) dollars.

Jarrett neither offers any evidence that the Ordinance has been discriminatorily applied nor do we read the Ordinance as being discriminatory in its application. Because he has offered no evidence to support his second point on appeal, Jarrett did not meet his burden of proving that the ordinance was unconstitutional as a result of its selective application to him.

Jarrett next argues that the court's interpretation of Ark. Code Ann. §§ 14-55-601 and 602 (Repl. 1998) in conjunction with the provisions of Ordinance No. 134 was in error because these sections cannot authorize a penalty greater than that provided by the ordinance. The ordinance allows a fine of not more than $50, and the abstract reflects that the court, in ruling from the bench, imposed a fine of $150. However, this error was obviously corrected by the trial court because the order contained in the abstract shows that appellant was fined only $50. The court also imposed a judgment of $164, which is what Jarrett owed in garbage-collection fees, and it imposed costs.

Arkansas Code Annotated section 14-55-601 reads:

> (a) Bylaws and ordinances of municipal corporations may be enforced by the imposition of fines, forfeitures, and penalties on any person offending against or violating them.

> (b)(1) The fine, penalty, or forfeiture may be prescribed in each particular bylaw or ordinance, or by a general bylaw or ordinance made for that purpose.

> (2) Municipal corporations shall have power to provide in like manner for the prosecution, recovery, and collection of the fines, penalties, and forfeitures.

Arkansas Code Annotated section 14-55-602 reads:

> (a)(1) The city council shall have power to provide that, when a fine shall be imposed for the violation of any of the ordinance of the city and it is not paid, the party convicted shall, by order of the

mayor or other proper authority or on process issued for the purpose, be committed until the fine and costs of prosecution shall be paid, or the party discharged by due course of law.

(2) The council shall also have power to provide that any person convicted of a repeated and willful violation of any ordinance, who shall refuse or neglect to pay the fine imposed and the cost of prosecution, by like order or process, shall be imprisoned and kept in confinement for any term not exceeding thirty days.

(b) Any city shall be allowed, for purpose of imprisonment authorized under this section, the use of the county jail of the proper county. All persons so imprisoned shall be under the charge of the sheriff of the county, who shall receive and discharge the persons in such manner as shall be prescribed by the ordinances of the city, or otherwise, by due course of law.

■ Jarrett seems to argue that the aggregate amount of the judgment against him, $389, is more than what is allowed by the ordinance. We do not agree. His fine for violating the ordinance was $50. In addition, the trial court found that he owed $164 in unpaid garbage-collections fees; and he was assessed court costs. The unpaid garbage-collection fees and the court costs do not constitute a part of the fine imposed by the court for violating the ordinance. *See Geurin v. City of Little Rock, supra.*

■ Finally, Jarrett argues that the garbage ordinance is unconstitutional because it permits his arrest for violating it. We do not agree. The ordinance states that a person who violates it shall be deemed guilty of a misdemeanor and, upon conviction in Marvell's city court, shall be fined any sum that does not exceed $50. Arkansas Code Annotated section 14-55-602(1) grants municipalities the power to impose a fine for the violation of any ordinance and, if the fine is not paid, the party convicted shall, by order of the mayor or other proper authority, be committed to jail until the fine and the costs of the prosecution shall be paid, or the party discharged by due course of law.

Affirmed.

CRABTREE and ROAF, JJ., agree.