The Honorable Don House State Representative P.O. Box 505 Walnut Ridge, AR 72476-0505
Dear Representative House:
I am writing in response to your request for my opinion on the following questions:
 1. Can the City of Black Rock pass an ordinance making it mandatory that all residents and businesses participate in garbage pickup removal?
 2. Can the city levy a fee for this garbage pickup on the city's water and sewer billing?
 3. Can the city Water and Sewer Department turn off a resident's or business' water for nonpayment of the garbage fee?
RESPONSE
I believe the answer to all three of your questions is probably "yes."
Question 1: Can the City of Black Rock pass an ordinance making itmandatory that all residents and businesses participate in garbage pickupremoval?
The question of imposing a mandatory garbage pickup fee was addressed with respect to county ordinances in the enclosed Ops. Att'y Gen.92-187, 92-290 and 93-172, which approve imposing such fees upon residents included within the geographical range of any county solid waste management system. Imposing mandatory pickup fees is likewise clearly authorized for municipal solid waste management systems. Subsection 8-6-211(b) (Supp. 1999) of the Arkansas Code provides in pertinent part:
 (2)(A) Without limitation on otherwise appropriate collection procedures, a municipality may collect its fees and service charges through either its own system of periodic billing or by entering the fees and service charges on the tax records of the county and then collecting the fees and service charges with the personal property taxes on an annual basis.
 (B) Further, any fees and service charges billed periodically by the cities which are more than ninety (90) days delinquent on November 1 of each year may be entered on the tax records of the county as a delinquent periodic fee or service charge and may be collected by the county with personal property taxes.
Subsection (3)(B) further provides:
 Annual fees and service charges or the delinquent periodic fees and service charges which remain unpaid after the time other property taxes are due shall constitute a lien on the real and personal property of the taxpayer which may court.
A constitutional challenge to this legislation was rejected earlier this month. Jarrett v. City of Marvell. ___ Ark. App. ___, ___ S.W.2d ___ (Feb. 2, 2000).
Section 14-232-110 of the Code provides:
 Counties and municipalities are authorized to impose upon and collect from all persons who can be served by a project reasonable rates and charges for the services of the project, without regard to whether the person desires to utilize the services.
Finally, A.C.A. § 14-95-402(b)(2), which applies to urban service districts providing water, sewer or garbage services, provides:
 Services charge [sic] levied on a per capita or per household basis shall be collected equally without regard to whether or not an individual or household avails itself of the service.
However, your request is not simply whether the city can universally bill for service, but rather whether it can enforce actual participation. In determining whether the city can do so, I am guided by the following principles set forth by the Arkansas Supreme Court:
 Municipal corporations derive their legislative powers from the general laws of the state. Ark. Const. art. 12, § 4. A municipality has no powers except those expressly conferred by the legislature, and those necessarily or fairly implied as incident to or essential for the attainment of the purpose expressly declared. City of Lowell v. M N Mobile Home Park, Inc., 323 Ark. 332, 336, 916 S.W.2d 95, 97 (1996).
 In Springfield v. City of Little Rock, 226 Ark. 462, 290 S.W.2d 620
(1956), we recognized the city's plenary duty to exercise its police power in the interest of the public health and safety of its inhabitants. Id. at 464-65, 290 S.W.2d at 622. The police power of the state is founded in public necessity and this necessity must exist in order to justify its exercise. Id. It is always justified when it can be said to be in the interest of the public health, public safety, public comfort, and when it is, private rights must yield to public security, under reasonable laws. City of Little Rock v. Smith, 204 Ark. 692, 695, 163 S.W.2d 705, 707 (1942) (quoting Beaty v. Humphrey, 195 Ark. 1008, 115 S.W.2d 559 (1938). The State has authorized the municipalities to legislate under the police power in Ark. Code Ann. § 14-55-102 (1987). That section provides, "Municipal corporations shall have the power to make and publish bylaws and ordinances, not inconsistent with the laws of this state, which, as to them, shall seem necessary to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort, and convenience of such corporations and the inhabitants thereof."
 Under its grant of power, cities and incorporated towns can "[p]revent injury or annoyance within the limits of the municipal corporation from anything dangerous, offensive, or unhealthy and cause any nuisance to be abated within the jurisdiction given the board of health in § 14-262-102[.] Ark. Code Ann. § 14-54-103 (1987)."
* * *
 [J]udicial review of a legislative enactment is limited to determining whether the legislation is arbitrary, capricious, and unreasonable. . . . The legislation is not arbitrary if there is any reasonable basis for its enactment.
Phillips v. Town Of Oak Grove, 333 Ark. 183, 189-90, 968 S.W.2d 600
(1998).
Nothing in chapter 232 of title 14, captioned "Refuse Disposal Generally," provides that a city can require its residents to dispose of their trash through the city's waste management system, rather than by some other method not forbidden by law or regulation. On the contrary, in authorizing fees "without regard to whether the person desires to utilize the services," A.C.A. § 14-232-110 appears to acknowledge that an individual or business might decline to participate.[1] Moreover, the statutes recited above make no mention of mandatory collection, apparently considering the mandatory payment of fees sufficient incentive to participate.[2]
Nevertheless, the legislature has nowhere proclaimed that imposing a mandatory fee is the only appropriate manner for a municipality to stimulate participation in a garbage-pickup program. It has merely made the device available to municipalities.
Consequently, under the above recited standard, the question is simply whether there is a "any reasonable basis" to compel participation. In my opinion, this question should be answered in the affirmative. At issue is the scope of the police power discussed in Phillips. Specifically with respect to solid waste disposal, A.C.A. § 14-232-103(b) authorizes the city to adopt "reasonable rules and regulations necessary or appropriate to the control, collection, removal, reduction, disposal, treatment, and handling of refuse." In Guerin v. City of Little Rock, 203 Ark. 103,155 S.W.2d 719 (1941), the Supreme Court affirmed the municipal-court conviction of an individual who refused to participate in a mandatory-fee garbage-pickup program. In support of its decision, the Court stressed the broad sweep of the police power:
 The Legislature . . . has granted to cities the power to prevent injury or annoyance within the limits of the corporation from anything dangerous, offensive or unhealthy. . . . It is familiar law that the state cannot part with its right to exercise the inherent attributes of sovereignty, among which undoubtedly is the police power. The retention and exercise of this power by the state is necessary for the protection of citizens and cannot by any means be bartered away. This applies to the police power delegated to municipal corporations. It is a continuing power which the municipality cannot part with by contract, or by other means.
Id. at 105. It is not patently unreasonable that a city, in pursuit of the salutary goals of public health and cleanliness, would require a citizen to dispose of solid wastes in the manner dictated by ordinance. I consequently believe the proposed ordinance is permissible.
Question 2: Can the city levy a fee for this garbage pickup on the city'swater and sewer billing?
I have found no Arkansas statute or case law directly addressing this issue.[3] As reflected in the enclosed Op. Att'y Gen. 87-365, while it is generally impermissible to cut off one municipal service for failure to pay for an unrelated service, solid waste management and water services have been deemed sufficiently closely related to support cutting off water for failure to pay a garbage-pickup fee. See, e.g., Cassidy v.Bowling Green, 368 S.W.2d 318 (Ky. 1963); Breckenridge v. Cozart,478 S.W.2d 162 (Tex. 1972). Accordingly, I believe it would be permissible to bill these services together.
Question 3: Can the city Water and Sewer Department turn off a resident'sor business' water for nonpayment of the garbage fee?
As reflected in my response to Question 2, I believe the answer to this question is "yes." However, as reflected in my response to Question 1, the legislature has sanctioned an alternative enforcement mechanism — namely, billing for garbage pick-up along with property taxes and imposing a lien on real and personal property for any deficiency. Cf.Arkansas County v. Burris, 308 Ark. 490, 825 S.W.2d 590 (1992) (prohibiting this enforcement procedure prior to the time the legislature expressly approved it).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosures
[1] In Jarrett, the plaintiff was fined for not paying the mandatory pickup fee. He based his refusal to pay on the fact that he disposed of his garbage in a public dumpster — a practice no one ever challenged as impermissible.
[2] However, A.C.A. § 8-6-205(a)(3), which makes it illegal to dump at an unlicensed site, does list a "city ordinance" as one condition that might prohibit the otherwise permissible practice of disposing of solid wastes on one's own land.
[3] Section 14-229-103 does provide for termination of water service for failure to pay a sewer fee but does not mention garbage fees.