The Honorable Brenda Gullett State Representative 28 Longmeadow Pine Bluff, AR 71603-6300
Dear Representative Gullett:
I am writing in response to your request for my opinion on the following questions:
 1. Can the Cleveland County Solid Waste Authority ("SWA") collect delinquent solid waste fees through Small Claims Court?
 2. If not, can the SWA ask the Quorum Court to pass an ordinance that will allow the SWA to collect these bills through the Small Claims Court?
Your constituent, Co-chairman Kent Rinehart of the SWA, has asked how these questions are affected by Act 1007 of 1991, which provides for billing such fees when personal property taxes are paid. Mr. Rinehart informs me that the SWA is a corporate entity that services both the county and the municipalities contained therein.
RESPONSE
In my opinion, the answer to both of your questions as stated is "no." However, I believe the SWA is not restricted to the remedies set forth inAct 1007 of 1991 and can seek recovery of delinquent fees in municipal or circuit court.
Question 1: Can the Cleveland County Solid Waste Authority ("SWA")collect delinquent solid waste fees through Small Claims Court?
This question can be broken down into three separate inquiries. First, is the SWA restricted to the remedies set forth in Act 1007 of 1991, codified at A.C.A. §§ 8-6-212 and 14-233-114, which do not include recourse to small claims court? Secondly, if not, does the small claims court have subject matter jurisdiction over claims for delinquent solid waste fees? And finally, does the SWA have standing to pursue relief in small claims court? As discussed immediately below, I believe the answer to all three of these questions is "no."
Section 8-6-212 of the Arkansas Code, captioned "County solid waste management systems," provides in pertinent part:
 (a)(1) Each county of the state is authorized to provide, and shall provide, a solid waste management system adequate to collect and dispose of all solid wastes generated or existing within the boundaries of the county and outside the corporate limits of any municipality in the county.
 (2) By agreement or contractual arrangement the county may assume responsibility for solid wastes generated within municipalities whether within its county or other counties.
 (3) A county may enter into agreements with other counties, one (1) or more municipalities, a regional solid waste management district, governmental agencies, private persons, trusts, or with any combination thereof, to provide a solid waste management system for the county or any portion thereof, but the agreement shall not relieve the parties to the agreement of their responsibilities under this subchapter.
 (b) A county government shall have the authority to levy and collect such fees and charges and require such licenses as may be appropriate
to discharge the county's responsibility for a solid waste management system or any portion thereof. The fees, charges, and licenses shall be based on a fee schedule contained in a duly adopted ordinance.
 (1)(A) A county government may collect its fees and service charges through either its own system of periodic billing or by entering the fees and service charges on the tax records of the county and then collecting the fees and service charges with the personal property taxes on an annual basis.
 (B) Further, any fees and service charges billed periodically by the county which are more than ninety (90) days delinquent on November 1 of each year may be entered on the tax records of the county as a delinquent periodic fee or service charge and may be collected by the county with personal property taxes.
 (C) No county collector of taxes shall accept payment of any property taxes where annual fees and service charges or delinquent periodic fees and service charges appear on the county tax records of a taxpayer unless the fees and service charges due are also receipted.
* * *
 (3) Annual fees and service charges or the delinquent periodic fees and service charges which remain unpaid after the time other property taxes are due shall constitute a lien on the real and personal property of the taxpayer which may be enforced against such property by an action in chancery court.[1]
(Emphasis added.) In addition, A.C.A. § 14-233-114(c) provides:
 A sanitation authority is authorized to fix, charge, and collect rates, fees, and charges for disposal, treatment, or other handling of solid waste at a project. If duly authorized by the municipal or county members of a sanitation authority, the sanitation authority may implement the collection procedures through the personal property tax system provided for by § 8-6-211 or § 8-6-212.
(Emphasis added.)
As reflected in the highlighted passages, these statutes create a mechanism whereby an authority like the SWA might link disposal fees to property taxes, obligating users to pay the former along with the latter and creating a property lien enforceable in chancery court in the event of nonpayment. Your initial question is whether this procedure is the only one available for the collection of delinquent fees.
The first rule of statutory construction is to interpret a statute just as it reads, giving words their ordinary and usual meaning in common usage. Roy v. Farmers Merchants Ins. Co., 307 Ark. 213, 819 S.W.2d 2
(1991). Subsection 8-6-212(b)(1)(A) above expressly and unambiguously provides that a county may collect fees either through periodic billing or by entering the fees on the tax records and collecting them annually. Subsection (b)(1)(B) of the statute further provides that delinquent fees that have been billed periodically "may be entered on the tax records" and collected with personal property taxes. (Emphasis added.) As reflected in the highlighted language, if a county bills periodically, collection through the recited statutory procedure is discretionary, not mandatory. Similarly, if a sanitation authority is charged with billing and collection, it "may implement the collection procedures" set forth in § 8-6-212. A.C.A. § 14-233-114(c). (Emphasis added.) Nothing in these statutes would foreclose the SWA from pursuing any other permissible collection procedures.
The Arkansas Supreme Court considered the effect of Act 1007 of 1991 inArkansas County v. Burris, 308 Ark. 490 (1992), which struck a county ordinance essentially purporting to establish the collection procedure described above. After remarking that the ordinance was passed prior to the enactment of Act 1007, the Court held that the quorum court was without legislative authority to create a remedy that essentially dispensed with the notice and hearing requirement set forth in Act 742.Id. at 494. The Court noted that none of the statutes upon which the county relied "set out any specific method by which the fees are to be collected" and that the quorum court's wholesale creation of a remedy constituted an arrogation of the General Assembly's law-making power.Id. at 493, 494. Implicit in the Court's ruling is an acknowledgment that the county would not have been foreclosed from pursuing relief through established channels such as the courts.
The appropriateness of alternatively pursuing relief in the courts was most recently illustrated in Jarrett v. City of Marvell,69 Ark. App. 98, 9 S.W.3d 574 (2000), in which the Supreme Court affirmed a trial court's award of damages and a fine for violation of a city garbage ordinance.[2] The city initiated its action in municipal court and the violator appealed to circuit court, which awarded damages in the amount of the delinquency, a $50 fine and costs. Id. at 102. The Supreme Court approved this result in all respects. Id. at 102-03.
The question remains where the SWA should bring suit to recover delinquent fees. In my opinion, such suits could be brought either in municipal court, as was the case in Jarrett, or in circuit court. Section16-17-704 provides in pertinent part:
 (a) The municipal court shall have original jurisdiction, coextensive with the county wherein the court is situated, over the following matters:
 (1) Exclusive of justices of the peace and of the circuit court, over violations of all ordinances passed by the city council of the city or quorum court of the county wherein the municipal court is situated.
As illustrated in Jarrett, which involved trials in both municipal court and circuit court, courts regularly ignore the provision of the statute just quoted declaring that the municipal court's jurisdiction is "[e]xclusive of . . . the circuit court." See, e.g., McLanahan v.Gibson, 296 Ark. 304, 756 S.W.2d 889 (1988). The basis for doing so is A.C.A. § 16-17-703, which provides: "In order that the right of trial by jury remain inviolate, all appeals from judgment in municipal court shall be de novo to circuit court." Id. at 305.
Although I believe the municipal court has jurisdiction over claims for solid waste disposal fees, I do not believe the small claims division of that court does. Subsection 16-17-602(a)(2) of the Code provides that "[t]he small claims division shall have the same jurisdiction overamounts in controversy as provided under § 16-17-704." (Emphasis added.) Subsections 16-17-704(a)(3) to — (6) impose monetary jurisdictional limits on municipal court actions involving "matters of contract," "actions for the recovery of personal property" and "matters of damage to personal property." In my opinion, none of these categories includes mandatory solid waste disposal fees imposed on county residents by ordinance. Without mentioning any monetary jurisdictional limit, A.C.A. § 16-17-704(a)(1) locates jurisdiction to adjudicate such fees squarely in the municipal court, and nothing in the legislation enabling the small claims division vests jurisdiction in it to resolve a dispute involving an ordinance.
Moreover, I do not believe the SWA has standing to pursue relief in small claims court. Your constituent has advised me that the SWA is organized as a corporation. Subsection 16-17-605(a) recites the following strict limitation on corporate standing to proceed in small claims court:
 Corporations, other than those identified in § 16-17-604 [collection agencies and corporate lenders], which are organized under the laws of this state and which have no more than three (3) stockholders or in which eighty-five percent (85%) or more of the voting stock is held by persons related by blood or marriage within the third degree of consanguinity or any closely held corporations by unanimous vote of the shareholders may sue and be sued in small claims courts created pursuant to this subchapter.
This restrictive definition does not fit a quasi-governmental corporation like the SWA. See A.C.A. § 8-6-710(a)(1) (characterizing a regional solid waste management board as a "governmental entity").
Question 2: If not, can the SWA ask the Quorum Court to pass an ordinancethat will allow the SWA to collect these bills through the Small ClaimsCourt?
As noted in my response to your previous question, in my opinion the small claims court lacks jurisdiction to entertain and the SWA lacks standing to assert in that forum claims for delinquent solid waste disposal fees. These restrictions on jurisdiction and standing reflect the will of the General Assembly, and they cannot be gainsaid by local legislation. To be sure, quorum courts enjoy considerable latitude in crafting local laws. For instance, Ark. Const. amend. 55, § 1(a), provides that "[a] county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law." Section 69 of Act 742 of 1977, codified at A.C.A. § 14-14-801, further affords the quorum court local legislative authority to "[p]rovide for any service or performance of any function relating to county affairs," and to "[e]xercise other powers, not inconsistent with law, necessary for effective administration of authorized services and functions." A.C.A. §14-14-801(b)(10) (13). See also generally Walker v. Washington Co.,263 Ark. 317, 564 S.W.2d 513 (1978). However, for purposes of this analysis, the crucial phrases in these formulations are "not denied . . . by law" and "not inconsistent with law." The quorum court cannot empower a small claims court to open its doors to litigants and to hear varieties of cases that the legislature has clearly located beyond its jurisdiction.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] A.C.A. § 8-6-212 sets forth an identical procedure for collection of municipal solid waste collection fees. In addition, as discussed inArkansas County v. Burris, 308 Ark. 490 (1992), Act 742 of 1977, known as the Arkansas County Government Code and codified at A.C.A. §§ 14-14-101 to — 1313, likewise authorizes a properly formed subordinate service district to enter waste fee charges on real and personal property taxpayer notices and provides that a lien will attach to the property in the event of nonpayment. A.C.A. § 14-14-711(d).
[2] The ordinance provided in pertinent part:
 Any person, firm or corporation violating any provisions of this Ordinance of [sic] failing to pay any fees herein provided, shall be deemed guilty of a misdemeanor and upon conviction in the City Court of the City of Marvell, Arkansas, shall be fined in any sum not to exceed fifty ($50) dollars.
Id. at 102. The authority of a county quorum court to impose fines for the violation of ordinances is established at A.C.A. § 14-14-906.