The Honorable Sam E. Angel, II State Representative P.O. Box 748 Lake Village, Arkansas 71653-0748
Dear Representative Angel:
I am writing in response to your request for my opinion on the following question:
 May a county lawfully levy and collect a county solid waste collection fee against apparently abandoned (no resident for at least one year) and obviously vacant houses (no resident for at least six months) even though the county is notified by the owner that no one resides in the houses?
RESPONSE
In my opinion, the answer to your question is, in all likelihood, "yes."
Your question is related to one addressed in the enclosed Ark. Ops. Att'y Gen. 92-187, 92-290 and 93-172. As reflected in these opinions, counties are required to provide for solid waste disposal pursuant to the Arkansas Solid Waste Management Act, A.C.A. §§ 8-6-201 through -221. Counties are further expressly authorized to establish projects for the handling of refuse pursuant to A.C.A. § 14-232-103. By statute, they are "authorized to impose upon and collect from all persons who can be served by a project reasonable rates and charges for the services of the project, without regard to whether the person desires to utilize the services." A.C.A. § 14-232-110(b). In Massongill v. County of Scott, 329 Ark. 98,947 S.W.2d 749 (1997), the Arkansas Supreme Court rejected a constitutional challenge to an ordinance imposing a mandatory fee on all households that might be served by a county solid-waste collection service, regardless of whether the properties actually took advantage of the service. See also Jarrett v. City of Marvell, 69 Ark. App. 98, ___ S.W.3d ___ (2000); Ark. Op. Att'y Gen. No. 2000-003 (reaching same conclusion with respect to households within the range of city solid-waste collection service).
Although these cases did not involve assessments of unoccupied structures, they stand for the general proposition that a homeowner cannot avoid being assessed for garbage pickup merely because he does not use the service. This principle would appear to apply regardless of whether the owner who declines the service actually occupies the residential structure. Although the statutory reference to "persons who can be served by a project" might be read as meaning that an assessed house needs to be occupied, I consider this interpretation improbable and impractical, particularly given that it would impose on the county burdensome investigative responsibilities regarding actual occupancy. I consider it more plausible to conclude that the tax-paying owners of houses within a service area, regardless of where they actually reside, are "persons who can be served" by a waste-disposal service. I believe A.C.A. § 14-232-110 reflects a legislative intention to ensure that a county can realize a predictable income stream from its waste-collection service based on the number of houses potentially served. In my opinion, then, counties are in all likelihood authorized to impose fees on all houses within range of the solid-waste collection service irrespective of whether these houses are currently occupied. However, as noted above, the statute would bear an alternative construction. Legislative clarification may be warranted.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosures