STATE of Arkansas *v.* Charles E. BLOCK

CR 80-153                           606 S.W. 2d 362
Supreme Court of Arkansas
Opinion delivered October 13, 1980
Rehearing denied November 10, 1980

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellant.

*Harold L. Hall*, for appellee.

GEORGE ROSE SMITH, Justice. On January 3, 1980, a robbery occurred in Little Rock. That night the police arrested a suspect who made a statement implicating the appellee Charles E. Block. Two nights later an officer went to Block's home, without an arrest warrant, and arrested him. Block was charged by information with aggravated robbery, criminal attempt to commit capital murder, and theft of property.

The trial court, acting upon a pretrial motion to dismiss the charges, conducted a hearing on the validity of Block's arrest. On conflicting testimony the court found the arrest illegal, because when Block's mother opened the door in response to the officer's knock, the officer entered the house without an invitation and arrested Block. The trial judge, relying solely upon the Supreme Court's holding in *Payton* v. *New York*, decided last April, dismissed the charges on account of the illegal arrest. *Payton* v. *New York*, 100 S. Ct. 1371 (1980).

The State took an appeal toi this court, under Rule

29(1)(k), on the erroneous assumption that this is an interlocutory appeal. Of course it is not, an order of dismissal being final. The State's procedure, however, complies with Criminal Procedure Rule 36.10 (b) and (c), and we have retained jurisdiction because the case presents an issue of significant public interest or a legal principle of major importance. Rule 29(4)(b).

The trial judge manifestly misinterpreted the Supreme Court's holding in *Payton*. It is unthinkable that a person who has committed murder, for example, should go scot free just because an officer enters his home without an invitation and arrests him without a warrant. The law is just the opposite. *United States* v. *Crews*, 100 S. Ct. 1244 (1980); *Gerstein* v. *Pugh*, 420 U.S. 103 (1975); *Singleton* v. *State*, 256 Ark. 756, 510 S.W. 2d 283 (1974). In the *Payton* case the court merely held that evidence is not admissible when it was obtained by an officer's illegal entry into a person's home without an arrest warrant. There was no limit that the charges should be dismissed. Quite the contrary, the court specifically stated in Footnote 34: "The issue is not whether a defendant must stand trial, because he must do so even if the arrest is illegal."

The judgment is reversed, and Block not yet having been in jeopardy, the cause is remanded for trial.