Johnny WHITAKER v. STATE of Arkansas

CA CR 90-305                                    825 S.W.2d 827

Court of Appeals of Arkansas
Division II
Opinion delivered February 26, 1992
[Supplemental Opinion on Denial of Rehearing June 3, 1992.]

*Green & Cook, P.A.*, by: *Don Lloyd Cook, II*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant was convicted in Mountain Home Municipal Court of resisting arrest and interference with a law enforcement officer. On appeal to Circuit Court, the appeal was joined with the felony charge of terroristic threatening which arose out of the same episode. Appellant was tried by a jury and convicted of all charges. He was sentenced to serve one year in the Arkansas Department of Correction on the felony conviction and to pay a fine of $1,000.00 on each of the misdemeanor convictions.

On June 16, 1989, Officer Jack Burkhart of the Cotter Police Department investigated complaints of a loud party at appellant's residence. Upon his arrival the officer heard profanity coming from the party and some voices said they had a .22 and were going to blow the officer away. The officer also heard them yelling "you're afraid to come up here," and "come on, we're waiting on you," and other comments along that line. The officer eventually contacted other law enforcement officers in the area, and it was decided that the best course of action was for Officer Burkhart to go to appellant's door and ask them to quiet down and cease disturbing the peace.

The officer then approached the back door of the residence, with a "walkie talkie," and observed the appellant, Darren Moore, and Alan Collins run inside the back wooden screen door and close it. The officer warned the men they were going to have to stop cussing him, or he would arrest them for disorderly conduct due to verbal abuse. The men continued and Alan Collins gave the officer a "good verbal tongue lashing", used very vulgar language, and told the officer to get off the property. At that point the officer told Collins he was under arrest for disorderly conduct; Collins turned around and took off for the kitchen; the officer opened the back screen door to go after him; and radioed for assistance.

As the officer walked in the back door Darren Moore rushed him and a scuffle ensued after which Moore was also arrested for

disorderly conduct. The officer was then aware that Officer Magness was in the house to assist and that the appellant was swinging a flashlight at Office Magness's head. Magness then pulled a gun, appellant stopped swinging for a second, and the other officers got appellant under control. Appellant was injured about the head and while Burkhart and Magness were taking appellant to the hospital, appellant continued to "cuss and threaten" the officers. After appellant received medical attention, Office Burkhart took him to the jail where misdemeanor charges were filed and appellant "bonded out immediately." Appellant was subsequently charged with terroristic threatening by the prosecuting attorney.

Appellant's first argument on appeal is that the trial court erred in refusing to grant his motion for continuance made on March 22, 1990, the morning of trial. In the motion, appellant alleged he had made a request for discovery on December 28, 1989; filed a motion to compel discovery in March; partial discovery information was transmitted on March 20, 1990; but it was incomplete and in no particular order; and that appellant did not receive all the information until March 21, 1990.

On March 22, 1990, immediately before jury selection, the trial court held an in-chambers hearing on appellant's motion. At the hearing, appellant's attorney stated that due to the condition of the information transmitted to him, he was unable to interview the witnesses from the trial in municipal court; that the prosecutor had listed a possibility of fourteen witnesses, several of whom appellant was unaware of until the date of the hearing; that the prosecutor failed to answer his question as to whether any of the prospective witnesses had any criminal convictions; and that the prosecutor would not answer any questions as to the certification of the officers involved. Appellant said the prosecution had since December 28 to get the information to him; but did not get it to him until March 19 through 21, and the defense was thus put at a disadvantage.

Appellant renewed his motion for continuance immediately prior to trial. Appellant argued he had not yet received all the discovery information, specifically information involving whether the arresting officers had been properly certified pursuant to the existing law enforcement standards. On appeal,

appellant argues the prosecuting attorney ignored repeated requests to comply with discovery and that appellant's ability to structure a meaningful defense was greatly impaired by the inability to obtain witness lists, records of the officers' certification, criminal convictions of witnesses, and other vital matters. Appellant argues the prejudice against him was so great that the failure to grant a continuance or other sanctions against the prosecution rose to the level of an abuse of discretion.

A motion for continuance is addressed to the sound discretion of the trial judge, and his decision will not be reversed absent a clear abuse of discretion amounting to a denial of justice. *Butler* v. *State*, 303 Ark. 380, 797 S.W.2d 435 (1990).

Ark. R. Crim. P. 17.1(a)(i) provides that the prosecuting attorney disclose to defense counsel on timely request the names and addresses of persons whom the prosecuting attorney intends to call as witnesses. The record shows that appellant had the name of every police officer who was present at the incident as of Monday, March 19. Moreover, after the in-chambers hearing on March 22, 1990, the trial court reset the case for March 27, 1990, stating:

> If we're talking about witnesses, if there's some witness here, I'll be glad to address whether that witness will be allowed to testify.
>
> . . .
>
> Well, we're going to pick the jury today and we're going to try this case next Tuesday. You've got all your information now and that gives you an additional five days. To me this case has been tried once in municipal court and I just can't imagine that there's any nuances or things here at least that addresses the merits of the charges that's going to come as a surprise to anybody.

Thus, although appellant's motion was denied, the trial court gave appellant five days from the denial of this motion until the start of trial. And, as to appellant's complaint that he was not made aware of any criminal convictions of any witnesses, the record reveals that on March 22, appellant was already aware that one of the witnesses had been convicted of a prior felony, and there is nothing in the record to show there were any witnesses

who had been convicted of a felony.

Regarding appellant's argument that he was not provided with information regarding whether the officers were properly certified, even if they were not that information would be of no help to appellant. Act 44 of 1989 (3rd Ex. Session) amended Ark. Code Ann. § 12-9-108 (Supp. 1991) to provide that actions taken by law enforcement officers who do not meet all the standards and qualifications shall not be held invalid merely because of the failure to meet the standards and qualifications.

█ Under the circumstances we cannot say the trial court abused its discretion in refusing to grant appellant's requests for a continuance.

Appellant then argues the trial court erred in denying his motion to dismiss the misdemeanor charges against him because 'he was charged by an illegal document and was not properly before the court. Appellant argues the charging document, an Arkansas Uniform Traffic Ticket and Complaint, was entitled "Complaint-Affidavit" and was set out in clear affidavit language, but the spaces provided for the signature of the subscribing witness was left blank indicating the document was neither sworn to nor subscribed before anyone. Appellant contends the documents do not conform to the requirements for affidavits (Ark. Code Ann. §§ 16-45-102 and 103) and are therefore not sufficient to charge appellant with the misdemeanors of which he was accused.

But, appellant has cited us no authority requiring a citation to be in affidavit form. Ark. R. Crim. P. 5 sets forth the law regarding citations. A "citation" means a written order, issued by a law enforcement officer who is authorized to make an arrest, requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time. Ark. R. Crim. P. 5.1(a). Every citation shall: (i) be in writing; (ii) be signed by the officer issuing it with the title of his office; (iii) state the date of issuance and the municipality or county where issued; (iv) specify the name of the accused and the offense alleged; (v) designate a time, place, and court for the appearance of the accused; and (vi) provide a space for the signature of the accused acknowledging his promise to appear. Ark. R. Crim. P. 5.3(a).

■ The record reflects the charging documents complied with the requirements for issuing a citation and we cannot agree appellant was not legally charged.

■ Appellant next argues appellant's conviction should be reversed because the police officers making the arrests were not properly certified and could not have made a lawful arrest; and the only charging documents were signed by these uncertified officers. Appellant argues that Act 44 of 1989 (3rd Ex. Session) which amended Ark. Code Ann. § 12-9-108(a) and attempted to cure defects in officer certification is ex post facto legislation. However, this argument was decided against appellant by our supreme court in *Ridenhour* v. *State*, 305 Ark. 90, 805 S.W.2d 639 (1991), where the court held retroactive application of Act 44 did not violate the Ex Post Facto Clause of the United States or the Arkansas Constitutions. We are bound by that decision.

Finally, appellant argues the trial court erred in refusing to dismiss the charges based upon the officer's warrantless entry into appellant's residence to make a misdemeanor arrest. Appellant argues the Fourth Amendment prohibits police officers from entering a suspect's home in order to make a routine felony arrest without an arrest warrant, unless exigent circumstances are present. *Payton* v. *New York*, 445 U.S. 573 (1980).

■ However, there is nothing in *Payton* to suggest that a person should go free just because an officer enters his home without an invitation and arrests him without a warrant. In *State* v. *Block*, 270 Ark. 671, 606 S.W.2d 362 (1980) the court stated:

> In the *Payton* case the court merely held that evidence is not admissible when it was obtained by an officer's illegal entry into a person's home without an arrest warrant. There was no limit that the charges should be dismissed. Quite the contrary, the court specifically stated in Footnote 34: "The issue is not whether a defendant must stand trial, because he must do so even if the arrest is illegal."

270 Ark. at 672. *See also State* v. *Holcomb*, 271 Ark. 619, 609 S.W.2d 78 (1980) (an illegal arrest of a defendant does not, per se, preclude his prosecution).

For the reasons stated above, the appellant's convictions are affirmed.

JENNINGS and ROGERS, JJ., agree.

117-A

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
JUNE 3, 1992

*Don Lloyd Cook*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. On February 26, 1992, we affirmed the appellant's misdemeanor convictions in this case. A petition for rehearing has been filed in which the case of *Welch* v. *Wisconsin*, 466 U.S. 740 (1984), is cited. Although that case was not cited in appellant's original brief, the argument made in the petition for rehearing is the same argument made in the original brief. The argument was: "The trial court erred in refusing to dismiss the misdemeanor charges based upon a police officer's warrantless entry into appellant's residence." The original brief stated that "while it might be argued that the proper motion would have been to suppress the evidence, that would have been, in essence, the same motion as the one Appellant made at trial."

We did not agree and cited *State* v. *Block*, 270 Ark. 671, 606 S.W.2d 362 (1980), which relied upon *Payton* v. *New York*, 445 U.S. 573 (1980), for its holding that while evidence obtained by an officer's illegal entry into a person's home without an arrest warrant is not admissible, the defendant must stand trial even if the arrest is illegal.

The case of *Welch* v. *Wisconsin*, cited in appellant's petition for rehearing, does not hold contrary to *Payton*. In *Welch* the United States Supreme Court reversed a decision by the Wisconsin Supreme Court which held that an arrest in petitioner's home without a warrant for a "civil, nonjailable traffic offense" was not illegal as there were exigent circumstances for the arrest. However, the issue in *Welch* involved a Wisconsin statute which provided that a driver's refusal to take a blood-alcohol test was justified if his arrest was unlawful.

The case before us involves an issue of whether misdemeanor criminal charges should be dismissed because the arrest was alleged to be illegal. No motion to suppress evidence based upon the alleged illegal arrest was filed in this case. The motion here

was simply to dismiss the charges. Thus, under the authority of *Payton* v. *New York* and *State* v. *Block*, cited in our original opinion, we held that the trial court did not err in refusing to dismiss the charges against the appellant. We think that decision was correct.

The petition for rehearing is denied.