Chris McDANIEL *v.* STATE of Arkansas

CR 91-266                                      826 S.W.2d 286

Supreme Court of Arkansas
Opinion delivered March 30, 1992
[Rehearing denied May 4, 1992.*]

---

*Appellant's petition denied; appellee's petition moot.

*Jeff Duty*, for petitioner.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for respondent.

ROBERT H. DUDLEY, Justice. Appellant was stopped by a Rogers policeman for driving while intoxicated and for making an improper change of lane on a roadway. The officer issued citations for both offenses. *See* A.R.Cr.P. Rule 5.2. Neither an information nor an indictment was subsequently issued. Appellant was found guilty in municipal court and appealed to circuit court. His trial is set, and he seeks a writ of prohibition to prevent the circuit court from trying him for the offenses because, he argues, the citations were void and he is not charged with an offense. We decline to issue the writ.

A.R.Cr.P. Rule 5.2 gives "law enforcement officers" the authority to issue citations. A.R.Cr.P. Rule 1.6 defines law enforcement officers as "any person vested [by statute] with a duty to maintain public order or make arrests for offenses." Appellant contends that Act 846 of the Regular Session of 1989, codified as Ark. Code Ann. § 16-81-106 (Supp. 1991), gave authority to certain law enforcement officers to make arrests, but Act 44 of the Third Extraordinary Session of 1989, codified as Ark. Code Ann. § 12-9-108(a) (Supp. 1991), repealed the authority of law enforcement officers to make arrests. His argument concludes that since law enforcement officers cannot

make arrests they cannot issue citations, and therefore, the citations in these cases are void, and the circuit court has never acquired personal jurisdiction over him.

■ Act 846 of the Regular Session of 1989, Ark. Code Ann. § 16-81-106 (Supp. 1991), gave the authority to make arrests to *certified* law enforcement officers and other specified persons such as special agents of the Federal Bureau of Investigation. Later, Act 44 of the Third Extraordinary Session of 1989, Ark. Code Ann. § 12-9-108(a) (Supp. 1991), was enacted, and it provides that actions taken by law enforcement officers who are *not certified* "shall not be held invalid merely because of the failure to meet the standards and qualifications [for certification]." It is true that Acts 846 and 44 of 1989 are repugnant in that Act 846 provides that only certified law enforcement officers have the authority to make arrests, while Act 44 provides that it does not matter whether officers are certified in order to make a valid arrest. However, that limited difference did not repeal the authority of law enforcement officers to make arrests.

In summary, the General Assembly has not abrogated the authority of law enforcement officers to make arrests. A law officer who is vested with the authority to make arrests can issue citations. Therefore, the citation issued in this case was not void, and we will not issue the writ of prohibition.

Writ denied.