STATE of Arkansas *v.* Joseph FORE

CA CR 93-654                                    876 S.W.2d 278

Court of Appeals of Arkansas
Division II
Opinion delivered May 18, 1994

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, Deputy Public Defender, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal brought by the State to challenge an order of the trial court that dismissed all charges against the appellee, Joseph Fore, on the basis that the

affidavit for the arrest warrant did not show probable cause to justify the issuance of the warrant. The appeal is brought under the authority of Rule 36.10(b)-(c) of the Arkansas Rules of Criminal Procedure.

The trial judge based his decision on *Fairchild* v. *Lockhart*, 675 F. Supp. 469 (E.D. Ark. 1987), in which it was held that an arrest warrant "rubber-stamped" by a clerk of the court at the prosecutor's behest cannot meet the test of constitutionality which requires a determination by a neutral and detached magistrate that probable cause for the warrant exists. 675 F. Supp. at 478. The petitioner in *Fairchild* sought habeas corpus relief following a state court conviction for the murder and rape of Marjorie Mason. In making that decision the opinion in *Fairchild* examined the question of whether there was probable cause for the issuance of an arrest warrant for the petitioner for the attempt to kill Little Rock police officer, Joe Oberle. This question was involved because it was alleged that the Oberle arrest was illegal and that this affected the Mason conviction for the reason that Fairchild had confessed to the Mason crime after he was arrested on the Oberle warrant. Because the affidavit for Oberle's warrant was conclusory, recited no underlying circumstances supporting the affiant-officer's belief that Fairchild was involved in the Oberle assault, no information regarding the identity or reliability of the informants, and no corroborating circumstances in support of any informant's tips the judge concluded that the affidavit failed to establish probable cause for the issuance of the arrest warrant. The judge also determined that the "rubber-stamping" of the arrest warrant resulted in a failure of the real warrant-issuing authority to meet the necessary requirements of detachment and neutrality because that authority had actually been the prosecutor. Nevertheless, the judge went on to examine whether there was probable cause for the warrantless arrest of Fairchild for the murder of Marjorie Mason and determined that there was probable cause for that arrest, 675 F. Supp. at 488, and the petition for habeas corpus was denied.

Relying on a portion of the reasoning of the judge in *Fairchild*, the trial judge in the instant case held that the affidavit for the arrest warrant in this case was deficient, that the arrest here was invalid, and that the charges had to be dismissed. The judge stated that the affidavit on which the arrest warrant was

based did not identify the affiant's informant or establish why the informant's information was credible; that there was no corroboration of the affiant's allegations; and that, although the affidavit was clearly detailed, it was not accompanied by supporting statements. The judge's order of dismissal states that "none of the indicia of reliability are present in the affidavit" and that the clarity of detail "standing alone in the face of all the defects" does not provide a substantial basis for the issuing magistrate's decision.

■ The State argues on appeal that the trial court erred, as a matter of law, in dismissing the charges. The State contends that an illegal arrest is not grounds for dismissal of criminal charges. We think the State's argument is valid. In *United States v. Crews*, 445 U.S. 463 (1980), the United States Supreme Court held that "an illegal arrest, without more, has never been viewed as a bar to a subsequent prosecution, nor as a defense to a valid conviction." 445 U.S. at 474. Moreover, in *State v. Block*, 270 Ark. 671, 606 S.W.2d 362 (1980), *cert. denied*, 451 U.S. 937 (1981), the trial court dismissed criminal charges because the arresting officer had entered the defendant's home without an invitation or warrant, and the Arkansas Supreme Court reversed and remanded for trial stating that it was "unthinkable" that a person should go scot free because an officer enters his home without an invitation and arrests him without a warrant. The court quoted a footnote from *Peyton v. New York*, 445 U.S. 573 (1980), that said, "The issue is not whether a defendant must stand trial, because he must do so even if the arrest is illegal." *Id.* at 592. And in *State v. Holcomb*, 271 Ark. 619, 609 S.W.2d 78 (1980), the defendant had been arrested without a warrant, tried and convicted, but the conviction was reversed on appeal. On remand, Holcomb filed a pretrial motion to dismiss claiming that he could not be prosecuted because his warrantless arrest violated his Fourth and Fourteenth Amendment rights. The trial court agreed and dismissed the charges. The State appealed arguing that an illegal arrest does not bar prosecution. The Arkansas Supreme Court agreed and cited *State v. Block, supra.* In *Ellis v. State*, 302 Ark. 597, 791 S.W.2d 370 (1990), our supreme court again stated, "We have held many times that an illegal arrest does not necessarily invalidate a conviction" and cited *Davis v. State*, 296 Ark. 524, 758 S.W.2d 706 (1988); *O'Riordan v. State*, 281 Ark. 424, 665 S.W.2d

255 (1984); and *Singleton* v. *State*, 256 Ark. 756, 510 S.W.2d 283 (1974).

The Arkansas Court of Appeals has made the same holding. In *Urquhart* v. *State*, 30 Ark. App. 63, 67-8, 782 S.W.2d 591, 594 (1990), the defendant argued on appeal that the lower court erred in denying his motion to dismiss based on the alleged invalidity of the warrant issued for his arrest. We cited *United States* v. *Crews, supra*, for the rule that an illegal arrest is not grounds for dismissal of charges and citing *Clark* v. *State*, 26 Ark. App. 268, 764 S.W.2d 458 (1989), which cited *Pipes* v. *State*, 22 Ark. App. 235, 738 S.W.2d 423 (1987), we said, "An invalid arrest may call for the suppression of a confession or other evidence but it *does not entitle* the defendant to be discharged from the responsibility for the offense." *See also Whitaker* v. *State*, 37 Ark. App. 112, 117, 825 S.W.2d 827, 831 (1992).

Appellee contends that this argument was not presented to the trial court, and cites *State* v. *Watson*, 307 Ark. 333, 820 S.W.2d 59 (1991), for the proposition that, even if the decision of the trial court was erroneous, the appellate court will not reverse if the State did not object on the proper grounds below. In that case the defendant, who had been charged with recklessly failing to take action to prevent the abuse of a child, filed a motion to dismiss the charges claiming that the State could not prove she was a "parent, guardian, or person legally charged with the care or custody of a child." After a hearing at which the State made a proffer of the evidence it expected to produce at trial, the circuit judge dismissed the charge. On appeal by the State, the Arkansas Supreme Court stated:

> While we agree with the state that it was error to dismiss the subject count of the information based upon a proffer of "facts," we do not agree that the court lacked subject matter jurisdiction. Jurisdiction is the power of the court to hear and determine a cause, including the power to enforce its judgment; it is the power to hear and determine the subject matter in controversy between the parties. . . .
>
> . . . .
>
> We do not suggest the state concurred in any manner

to the dismissal of this case. But it is evident the state did not object on the basis now argued. The ground of the state's objection, as we interpret the record, was that the proffered evidence was sufficient to sustain the allegation that Ms. Watson was legally charged with the care or custody of [the child]. Had the state objected on the ground that the "facts" could be determined only by means of a trial and not by way of a proffer at a pretrial hearing, presumably the error would not have occurred.

307 Ark. at 335-36, 820 S.W.2d at 60-61 (citations omitted).

■  We think *Watson* is clearly distinguishable from the case now before us. Here, the issue is whether the lower court properly dismissed the criminal charges based on a deficient affidavit for the arrest warrant, and the State did, in fact, present to the trial court the contention that an illegal arrest is not grounds for dismissing the charges against a criminal defendant.

The State's brief abstracts, largely with quotes from the record, the colloquy between court and counsel as to this issue. Co-defendants had filed motions to "quash and dismiss" the arrest warrants issued against them and the trial court allowed defendant Fore, the appellee here, to orally join in his co-defendants' motions. At the hearing on the motions, the trial judge told the attorneys that he wanted to hear opening statements. After a defense counsel had addressed the judge, a deputy prosecuting attorney responded as follows:

> Your Honor, I'm not quite actually sure where to begin, but what you just heard is argument on the evidence that the State intends to produce at trial. First is the affidavit. I haven't heard any testimony in support of the argument that we just heard that would tend to prove that what was alleged in the affidavit is not what was sworn to before another competent Judge. Second, the affidavit and any subsequent information are two separate propositions. Third, this same issue has come up before in previous hearings before this Court last year and we had some discussions, I don't know that any formal ruling was issued, but the filing of the information stands on its own. And I'm kind of at a loss to be real honest to - -

THE COURT: Well I think, excuse me, I didn't mean to cut you off. I thought you had stopped. But I think the basis, the core of Mrs. Grinder's motion is that Officer Swesey is incompetent to support, his affidavit is incompetent to support probable cause. And I think that's - -

MR. JEGLEY: Okay.

THE COURT: - - very clear that's what she's saying.

MR. JEGLEY: Well I agree, your Honor, and I don't know that without more what in the world the Court would choose to interpose its judgment over that of the Pulaski Municipal Court which in and of itself had the affiant before him and had opportunity to - - This affiant was sworn in and unless they are prepared to prove the propositions they are arguing about then I would submit, your Honor, that the matter stands before the Court as mere argument. There's nothing to support their position before the Court.

THE COURT: Okay. Mr. Jegley, essentially I understand you to say that a defendant cannot put the State to its proof by filing a motion to dismiss?

MR. JEGLEY: I'm saying that this is their motion and that this matter has been brought up before this Court before, your Honor.

THE COURT: And I thought you said without a formal ruling.

MS. GRINDER: That's correct.

MR. JEGLEY: And I don't know, I don't think that, I think that in filing their motion they have to be prepared to go forward to prove up their motion to the Court. And then - -

THE COURT: Oh, no question about that. I am not saying the burden shifts to you because they filed the motion.

MR. JEGLEY: And I mean we're prepared to prove our case up at trial certainly and that's basically what we're talking about in the sum and substance of this.

THE COURT: Okay.

MR. JEGLEY: I mean there's two sides to all these criminal cases.

THE COURT: No, sir. Your burden at this point once she goes forward your burden is to prove the adequacy of the affidavit to support probable cause and that's whey [why] we're here today as I understand it. She's attacking the adequacy of probable cause.

MR. JEGLEY: By argument, your Honor. We haven't had a witness before us.

THE COURT: Oh, certainly. No I asked for opening statements from both of you.

MR. JEGLEY: Okay.

THE COURT: And that's where we are.

MR. JEGLEY: Okay.

THE COURT: And I'm waiting to hear your statement.

MR. JEGLEY: My statement is, your Honor, the motion is not well taken. That the case cited Fairchild versus Lockhart is not on point as argued and I would also tell the Court at this point that, advise the Court that the civil actions in this don't have any relevance whatsoever. And I don't know who was subpoenaed or who wasn't subpoenaed and I know that we've heard some argument about what proof there is and she knows which case, what the case file contains. So I think it is meritless, your Honor, and I think the motion should be denied.

THE COURT: All right. Are you ready, Ms. Grinder?

The trial court then heard testimony presented by defense counsel. At the conclusion of this evidence, the judge asked the deputy prosecutor if he was prepared to go forward and was told, "Well, your Honor, we can stand on the affidavit." Other discussion between court and counsel ensued, and the prosecutor again told the court that "once the affidavit question is over with we have a felony information." The trial judge, however, ended the

hearing with the statement that "in order for the search warrant to stand you have to show that the reviewing officer, the judge, did more than just rubber stamp." He then said he would take the issue under advisement and subsequently an order was entered which quashed the arrest warrant and dismissed the information.

It seems fairly clear that the deputy prosecuting attorney advised the trial judge of the State's contention that regardless of whether there was probable cause for the issuance of the arrest warrant the defendant was charged by a felony information, and the case of *Fairchild* v. *Lockhart*, was not authority for dismissing charges simply because the arrest warrant had not been properly issued. The prosecutor said that "the affidavit and any subsequent information are two separate propositions." He said "this issue has come up before in previous hearings before this Court last year and we had some discussions, I don't know that any formal ruling was issued, but the filing of the information stands on its own." He said "the motion is not well taken" and that "Fairchild versus Lockhart is not on point as argued." And he told the trial court that "once the affidavit question is over with we have a felony information."

Nevertheless, the trial court clearly took the position that the issue involved was whether the affidavit was adequate to establish probable cause for the issuance of the arrest warrant. Although there was discussion about the sufficiency of the affidavit, the trial judge was informed that the State took the position that the affidavit question and the felony information were two separate propositions. Thus, we think that *State* v. *Watson, supra,* relied upon by appellee Fore, is distinguishable from the instant case. There the State argued on appeal that the trial court did not have jurisdiction to dismiss the information charging the defendant with failing to take action to prevent the abuse of a child, but the issue presented to the trial court was "that the proffered evidence was sufficient to sustain the allegation that Ms. Watson was legally charged with the care and custody of [the child]." Here, the State argued in the trial court (and now argues in this court) that this affidavit for the search warrant and the felony information are two separate propositions. The State is right; *Fairchild* v. *Lockhart* does not hold that the charges should be dismissed if the arrest warrant is not properly issued; the trial court erred in its view of the law, and we do not think the State

failed to advise the court of the State's contention that insufficiency of the affidavit for the arrest warrant did not mean that the information should be dismissed.

Reversed and remanded.

JENNINGS, C.J., and ROGERS, J., agree.