The Honorable Marilyn Edwards State Representative 2330 North Juneway Terrace Fayetteville, AR 72703-2915
Dear Representative Edwards:
I am writing in response to your request for an opinion on the following question:
 Is the City of Fayetteville legally authorized to empower its Code Compliance Officers with the right to issue criminal citations for violation of garbage and rubbish laws and ordinances for criminal prosecutions in the District Court of Fayetteville?[1]
RESPONSE
It is my opinion that the answer to this question is "no" with regard to citations for violations of state law. A conclusive answer regarding violations of municipal garbage and rubbish ordinances may require a review of the particular ordinance. As a general matter, however, it is my opinion that city code compliance officers do have authority to issue citations for violations of municipal codes, ordinances or regulations, pursuant to A.C.A. § 12-9-108 (Repl. 1999).
These conclusions are compelled by general principles governing municipal authority. We know from Arkansas Supreme Court rulings that cities have no inherent powers but only have the power bestowed upon them by statute or by the Arkansas Constitution. Burke v. Elmore, Ark. 341 Ark. 129,14 S.W.3d 872 (2000): Jones v. American Home Life Ins. Co., 293 Ark. 330,738 S.W.2d 387 (1987). As stated by the court:
 Cities have no inherent powers and can exercise only (1) those expressly given them by the state through the constitution or by legislative grant, (2) those necessarily implied for the purposes of, or incident to, these express powers and (3) those indispensable (not merely convenient) to their objects and purposes.
Cosgrove v. City of West Memphis, 327 Ark. 324, 326, 938 S.W.2d 827, 828
(1997).
The validity of a city ordinance thus depends upon the authority granted by the constitution or the General Assembly. Additionally, despite the adoption of the so-called "Home Rule" act in 1971 (see Act 266 of 1971, codified as A.C.A. §§ 14-43-601 through -611 (Repl. 1998)), cities are prohibited from enacting any ordinances "contrary to the general laws of the state." Ark. Const. art. 12, § 4. See also Fort Smith v. HousingAuthority, 256 Ark. 254, 506 S.W.2d 534 (1974) and Nahlen v. Woods,255 Ark. 974, 504 S.W.2d 749 (1974). It has also been held that any substantial doubt concerning the existence of a power in a municipal corporation must be resolved against the city. City of Little Rock v.Cash, 277 Ark. 494, 644 S.W.2d 229 (1982).
Applying these precepts, I believe it is clear that a city cannot empower its "Code Compliance Officers" to issue criminal citations for violations of state garbage and rubbish laws.[2] Although, as discussed below, the General Assembly has recognized the authority of municipal inspectors to issue citations for the violation of "municipal codes, ordinances, or regulations" (A.C.A. § 12-9-108 (Repl. 1999)), the authority that is recognized by this statute does not extend beyond enforcing local measures. Additionally, while several statutes pertaining specifically to the handling of garbage and rubbish authorize the issuance of citations as an enforcement mechanism, city code compliance officers are not included within these provisions. Specifically, "Arkansas-certified law enforcement officers" enforce the Litter Control Act (A.C.A. § 8-6-412(a) (Repl. 2000)); and they are authorized to "issue citations to or arrest persons violating [the act]." A.C.A. § 8-6-412(b). "Illegal dumps control officers" are vested with the power to "ensure compliance with the provisions of the [Illegal Dump Eradication and Corrective Action Program Act]" and they have "the right and duty to . . . [i]ssue and serve citations for violations of provisions of the Arkansas Solid Waste Management Act, § 8-6-201 et seq., [and] prohibit illegal dumping. . . ." A.C.A. § 8-6-508(a)(1)(C) (Supp. 2001). A county "environmental officer" is required to "issue citations for violation of any county ordinance prohibiting dumping of waste, garbage, litter, or any hazardous materials throughout the county." A.C.A. § 14-15-102 (Repl. 1998). See alsogenerally Op. Att'y Gen. 97-092 (concluding that the enforcement authority granted in § 14-15-102 is limited to the power to enforce county ordinances only).
My research has disclosed no similar statutes pertaining to state garbage and rubbish laws suggesting that local code inspectors or code compliance officials (see n. 2, supra, regarding these positions) may be vested with citation authority. And I believe such legislation would be necessary in light of the above provisions. Matters coming within the police power of the state are specifically designated as "state affairs," as distinguished from "municipal affairs." A.C.A. § 14-43-601(a)(1)(J) (Repl. 1998). Although a municipality may exercise "any function or legislative power upon . . . state affairs if not in conflict with statelaw" (A.C.A. § 14-43-601(a)(2) (emphasis added)), it is my opinion that a city would in all likelihood be acting contrary to the above statutes if it attempted to vest its code compliance officers with citation power over state offenses.
The citation authority conferred by the Arkansas Rules of Criminal Procedure should also be noted. Ar.R.Cr.P. Rule 5 sets forth the general state law requirements concerning the issuance of criminal citations. SeeWhitaker v. State, 37 Ark. App. 112, 116, 825 S.W.2d 827 (1992) (stating that Rule 5 "sets forth the law regarding citations.") Rule 5 gives citation authority to "a law enforcement officer who is authorized to make an arrest[.]" A.R.Cr.P. Rule 5.1(a), supra at n. 1 (defining "citation"). See also A.R.Cr.P. Rules 5.2 and, generally, McDaniel v.State. 309 Ark. 20, 826 S.W.2d 286 (1992). This would presumably not include a city code compliance officer who is not a "certified law enforcement officer" and has no authority to make arrests. See A.C.A. §16-81-105 (Supp. 2001) (giving arrest authority to a "certified law enforcement officer") and A.C.A. § 12-9-101 et seq. (Repl. 1999) (requiring certification of "law enforcement officers.")[3]
Thus, absent some evidence that the city code compliance officers are properly classified as "law enforcement officers" and certified by the Commission (see n. 3, supra), the Arkansas Rules of Criminal Procedure will not recognize the authority of these officers to issue citations for violations of state garbage and rubbish laws.
It is therefore my conclusion that a city may not vest its code compliance officers with the authority to issue citations for the violation of state garbage and rubbish laws. With regard, however, to violations of city garbage and rubbish ordinances, A.C.A. § 12-9-108
implicitly acknowledges the citation authority of "inspectors" and "code enforcement officers." This Code section states in relevant part:
 Nothing in this subchapter or any other law shall prohibit inspectors and code enforcement officers of cities and towns from issuing citations for the violation of municipal codes, ordinances, or regulations that they are charged by their city or town with the duty of enforcing.
A.C.A. § 12-9-108(b)(3) (Repl. 1999).
The referenced "subchapter" is A.C.A. § 12-9-101 et seq., the Law Enforcement Standards Act. Read in light of this subchapter, which requires police training for law enforcement officers (see n. 3, supra), A.C.A. § 12-9-108(b)(3) establishes the principle that notwithstanding the fact that municipal code inspectors have not met the qualifications and training required under the Law Enforcement Standards Act, they may issue citations for violations of the codes they are charged to enforce.Accord Op. Att'y Gen. 85-16 (opining that an animal control officer can issue a citation for violation of a municipal dog control ordinance). Section 12-9-108(b)(3) is the codification of Section 1 of Act 763 of 1983, which is entitled "An Act to . . . Permit Municipal Inspectors to Issue Citations for Violations of City or Town Codes and Regulations. . . ." Although the term "inspector" is not defined, in my opinion this reasonably refers to those who have inspection and enforcement authority in connection with local measures that have been enacted for the health and safety of the municipality. See, e.g., A.C.A. §§ 14-54-103, 14-54-104, 14-54-601, 15-54-604, 14-54-901, 14-56-201,14-56-202, 14-56-301 (express authority for cities to enact environmental, safety, fire, building, electrical, zoning, and other codes); see alsogenerally A.C.A. § 14-54-1502 (Supp. 2001) (providing civil remedies for municipal "health and safety code violations.")
With regard, therefore, to your particular question concerning the citation authority of the City's "Code Compliance Officers" in connection with garbage and rubbish ordinances, assuming that these officers are code inspectors or enforcement officers as contemplated by A.C.A. §12-9-108(b)(3), it is my opinion that they have criminal citation authority over local offenses pursuant to that Code section. This also assumes, of course, that the particular ordinances are properly enacted pursuant to the City's authority to regulate the removal of garbage and rubbish. I have not been provided with the ordinances and thus cannot opine in this regard. As a general matter, the City has wide discretion to enact such ordinances. See, e.g., Smith v. City of Arkadelphia,336 Ark. 42, 46, 984 S.W.2d 392 (1999) and Geurin v. City of Little Rock,203 Ark. 103, 155 S.W.2d 719 (1941). The ordinances must, however, come within the scope of statutory powers (see generally Wilkins v. City ofHarrison, 218 Ark. 316, 236 S.W.2d 82 (1951)); and they must not be contrary to state law (Ark. Const. art. 12, § 4).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] There is no general definition of the term "criminal citation" in Arkansas statutory law. See A.R.Cr.P. Commentary to Article III following A.R.Cr.P. Rule 5. I assume, however, that by this term you mean a charging instrument that is required in initiating a prosecution. Seegenerally A.C.A. § 5-1-109 (f) (Supp. 2001) (establishing periods of limitation for commencing prosecutions) and Thompson v. City of LittleRock, 264 Ark. 213, 570 S.W.2d 262 (1978). See also Ar.R.Cr.P. Rule 5.1(a) (defining "citation" as "a written order, issued by a law enforcement officer who is authorized to make an arrest, requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time.")
[2] The position of "Code Compliance Officer" is presumably established by municipal ordinance, as this is not a statutory term. The Arkansas statutes recognize the existence of city "inspectors" and "code enforcement officers." See, e.g., A.C.A. §§ 12-9-108 (discussed further herein regarding citations), 17-25-301 ("building inspector"), 17-38-104
(reference to "city code enforcement officer" in the state plumbing code). But these positions are not established by statute.
[3] A.C.A. § 12-9-106 (a)(1) states in relevant part that "[t]he Arkansas Commission on Law Enforcement Standards and Training [`Commission'] shall provide, by regulation, that no person shall be appointed as a law enforcement officer . . . unless the person has satisfactorily completed a preparatory program of police training. . . .") Although I have no information regarding the job descriptions and actual duties of the code compliance officers, I assume that these persons are not classified as "law enforcement officers" and certified by the Commission. See generally Op. Att'y Gen. 92-093 (regarding the types of positions that fall within the definition of "law enforcement officer" and the Commission's administration of the law enforcement certification statutes).