Mr. Terry Jones, Prosecuting Attorney Fourth Judicial District 280 N. College, Suite 301 Fayetteville, AR 72701
Dear Mr. Jones:
You have presented the following questions for my opinion:
 Do the State Fire Marshall and his duly appointed deputies have the power to arrest and/or issue citations? Can the Director of the State Police grant arrest and citation authority to the State Fire Marshall and his deputies? Does it make any difference if the State Fire Marshall or his deputies have completed the 100-hour training course pursuant to A.C.A. § 12-9-304?
RESPONSE
Summary of Response:
It is my opinion that if the State Fire Marshal and his deputies are certified law enforcement officers, they have the power to make arrests and issue citations,[1] under the provisions of A.C.A. § 16-81-106. However, neither state law nor any applicable rules or regulations require that the position of State Fire Marshal be filled by a certified law enforcement officer. Moreover, the Marshal's deputies in many cases may not be certified law enforcement officers. If the State Fire Marshal and his deputies are not certified law enforcement officers, they can make arrests or issues citations only under the circumstances described in A.C.A. § 16-81-106(d) (i.e., those circumstances under which any private person may make an arrest), or if they are municipal code enforcement officers, they can issue citations under the authority of A.C.A. § 12-9-108(b)(3).
Discussion
The current State Fire Marshal is a certified law enforcement officer. He may make arrests and issue citations pursuant to the provisions of A.C.A. § 16-81-106. Any of his duly appointed deputies who are also certified law enforcement officers may also make arrests and issue citations under the authority of that statute, which states in pertinent part:
16-81-106. Authority to arrest.
 (a) An arrest may be made by a certified law enforcement officer or by a private person.
(b) A certified law enforcement officer may make an arrest:
(1) In obedience to a warrant of arrest delivered to him; and
 (2)(A) Without a warrant, where a public offense is committed in his presence, or where he has reasonable grounds for believing that the person arrested has committed a felony.
 (B) In addition to any other warrantless arrest authority granted by law or court rule, a certified law enforcement officer may arrest a person for a misdemeanor without a warrant if the officer has probable cause to believe that the person has committed battery upon another person and the officer finds evidence of bodily harm, and the officer reasonably believes that there is danger of violence unless the person alleged to have committed the battery is arrested without delay.
 (c)(1) A certified law enforcement officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony or a misdemeanor.
 (2)(A) A certified law enforcement officer making an arrest under subdivision (c)(1) of this section shall, as soon as practicable after making the arrest, notify the law enforcement agency having jurisdiction where the arrest was made.
 (B) The law enforcement agency shall then take custody of the person committing the offense and take the person before a magistrate.
 (3) Statewide arrest powers for certified law enforcement officers will only be in effect when the officer is working outside his jurisdiction at the request of or with the permission of the municipal or county law enforcement agency having jurisdiction in the locale where the officer is assisting or working by request.
 (4) Any law enforcement agency exercising statewide arrest powers under this section must have a written policy on file regulating the actions of its employees relevant to law enforcement activities outside its jurisdiction.
* * *
 (e) A magistrate, or any judge, may orally order a certified law enforcement officer or private person to arrest anyone committing a public offense in the magistrate's or judge's presence, which order shall authorize the arrest.
A.C.A. § 16-81-106 (in part).
If the position of State Fire Marshal is ever filled by a person who is not a certified law enforcement officer, that person, as well as any deputies who are not certified law enforcement officers, may make arrests and issue citations only under the circumstances described in A.C.A. §16-81-106(d) and (e), as follows:
 (d) A private person may make an arrest where he has reasonable grounds for believing that the person arrested has committed a felony.
 (e) A magistrate, or any judge, may orally order a certified law enforcement officer or private person to arrest anyone committing a public offense in the magistrate's or judge's presence, which order shall authorize the arrest.
A.C.A. § 16-81-106(d) and (e). (However, non-certified municipal code enforcement officers may issue citations under the authority of A.C.A. § 12-9-108(b)(3). See Op. Att'y Gen. No. 2003-110.)
Because the provisions of A.C.A. § 16-81-106 so specifically address the question of who may make arrests and under what circumstances, it is my opinion that that statute is the primary source of authority for arrest and citation power.
Although the statutes that govern the State Fire Marshal, A.C.A. §12-13-101 through -116, do impose upon the Marshal the responsibility to "enforce" the state fire prevention code, see A.C.A. § 12-13-105(5), these statutes do not, in my opinion, constitute independent authority for the State Fire Marshal and his deputies to make arrests or issue citations. I base this conclusion on the fact that this set of statutes provides for certain specific enforcement mechanisms and makes no mention of the power to arrest and issue citations. For example, Section 110 expressly grants the Director of the Department of State Police and his officers and deputies (which would include the State Fire Marshal and his deputies) the power to inspect all buildings and premises within their jurisdiction and to issue orders for compliance. If compliance is not forthcoming, the Director is empowered to file injunction proceedings.Id. Similarly, the Director and his officers and deputies are empowered to investigate and inquire into the cause of all fires causing property damage or loss of life. A.C.A. § 12-13-111. In connection with such investigations and inquiries, the Director and his deputy are authorized to issue subpoenas to compel the testimony of witnesses and the production of documents. A.C.A. § 12-13-112. Moreover, the prosecuting attorney is also directed to assist in investigations when called upon to do so by the Director or his officer and deputy, and the Director is authorized to seek the aid of the appropriate court to assist in compelling the attendance of witnesses. Id. Because these statutes specifically outline these enforcement procedures, I interpret the directive to "enforce" the code as referring to these specific enforcement mechanisms. Because these specific procedures do not mention the power to arrest or issue citations, but do grant other powers (such as the power to issue subpoenas), I do not interpret them to grant the power to arrest or issue citations. Moreover, because A.C.A. § 16-81-106
appears to be the primary source of authority for the power of arrest, it is my opinion that the Director of the Department of State Police cannot confer that power upon a person who is not a certified law enforcement officer.[2]
I therefore conclude that beyond the specific enforcement mechanisms that are spelled out in A.C.A. § 12-13-101 through -116, the State Fire Marshal and his deputies can act to enforce the fire prevention code only as otherwise authorized by law. Thus, if they are certified law enforcement officers, they may, pursuant to A.C.A. § 16-81-106, quoted above, make arrests and issue citations. If they are not certified law enforcement officers, they may make arrests and issue citations only as private citizens pursuant to A.C.A. § 16-81-106(d) and (e), above.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] For purposes of this opinion, I am using the term "citation" as that term is defined in Rule 5.1 of the Arkansas Rules of Criminal Procedure: "(a) `Citation' means a written order, issued by a law enforcement officer who is authorized to make an arrest, requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time." Ark. Rules Cr. P., Rule 5.1(a). Because, under that definition, a citation can only be issued by a law enforcement officer who is authorized to make an arrest, my conclusions regarding whether the State Fire Marshal and his deputies may make arrests also apply to whether they may issue citations. The only exception to this conclusion is the authority of non-certified municipal code enforcement officers to issue citations under the authority of A.C.A. § 12-9-108(b)(3).
[2] It should be noted that there appears to be some repugnancy between A.C.A. § 16-81-106 and A.C.A. § 12-9-108, which provides that actions taken by law enforcement officers who do not meet all certification requirements are not invalid merely for that reason. See McDaniel v.State, 309 Ark. 20, 826 S.W.2d 286 (1992).