SHAWN A. WOMACK, Associate Justice
Petitioner Muta' Ali Trujah Muhammad, also known as Anthony Key, asks this court to reinvest jurisdiction in the trial court to consider his petition for writ of error coram nobis. Alternatively, he seeks to recall this court's mandate affirming his conviction for capital murder and his sentence of life imprisonment without parole. See Key v. State , 325 Ark. 73, 923 S.W.2d 865 (1996). Muhammad's petition is premised on allegedly improper statements made by the prosecution during trial. In an amendment to his petition, he claims his sentence is illegal because he was eighteen years old when he committed the crime. He sets out no basis that would support issuance of the writ or a recall of the mandate, and we therefore deny the petition and the amendment.
In 1995, a jury convicted Muhammad of capital murder for the death of Lisa Williams. Muhammad has never disputed killing Williams but maintains he did not act with premeditation. Muhammad shot and killed Williams following an argument she had with his sister. He fired five rounds from a sawed-off 12-gauge shotgun towards Williams's trailer while she and her husband were inside. The first round hit the trailer next door and a second round hit the couple's car. Three final shots were fired into the trailer, including the fatal shot that hit Williams while she was standing at a window. We found that sufficient evidence supported Muhammad's capital murder conviction and affirmed the conviction on direct appeal. Id.
A writ of error coram nobis is an extraordinarily rare remedy. Howard v. State , 2012 Ark. 177, 403 S.W.3d 38. Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Id. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Id. The petitioner has the burden of showing a fundamental error of fact extrinsic to the record. Id.
The writ is available to address certain errors found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. Id. Where the writ is sought after the judgment has been affirmed on appeal, the circuit court may entertain the petition only after this court grants permission. Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771. This court will grant such permission only when it appears the proposed attack on the judgment is meritorious. Id.
Muhammad's petition is premised on allegedly improper statements made by the prosecution during his 1995 trial. He first contends the prosecution elicited inadmissible testimony from him about a prior arrest. But, he failed to object to that questioning during trial. Assertions of trial error that could have been raised at trial are not within the purview *557 of a coram nobis proceeding. Martinez-Marmol v. State , 2018 Ark. 145, 544 S.W.3d 49. Moreover, Muhammad's assertion that this court was obligated to correct the alleged error during his direct appeal under Arkansas Supreme Court Rule 4-3(i) (2017) misconstrues the extent of that review. Under Rule 4-3(i), we review the record for all objections, motions, and requests that were decided adversely to a defendant appealing a life sentence. This review presupposes that a proper objection was made at trial so that the trial court may first consider the alleged error. Perry v. State , 2014 Ark. 535, 453 S.W.3d 650.
In his second proposed ground for the writ, Muhammad claims the prosecution made false and misleading statements during closing by stating that the victim had been shot while looking out the window. His claim is premised on allegations of insufficient evidence to support his conviction. Challenges to the sufficiency of the evidence constitute a direct attack on the judgment and are not cognizable in coram nobis proceedings. Grady v. State , 2017 Ark. 245, 525 S.W.3d 1. In any event, we considered and rejected this challenge during Muhammad's direct appeal. See Key , 325 Ark. 73, 923 S.W.2d 865.
In an amendment to his petition, Muhammad alleges his sentence of life imprisonment without parole violates the Eighth Amendment under Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). In Miller , the United States Supreme Court held that mandatory life sentences without parole for those under the age of eighteen at the time of their crimes violates the Eighth Amendment. Id. at 470, 132 S.Ct. 2455. He contends Miller should be expanded to encompass offenders who, like him, were eighteen years old at the time of their crime. Coram nobis is not the proper remedy to challenge an allegedly illegal sentence. See Bunch v. State , 2018 Ark. 379, at 6, 563 S.W.3d 552, 556. Given that Muhammad has alternative avenues to pursue his illegal sentence claim, we will not consider this claim now.
Muhammad has failed to establish an error of fact extrinsic to the record that could not have been raised in the trial court. Martinez-Marmol , 2018 Ark. 145, 544 S.W.3d 49. The factual allegations giving rise to Muhammad's claims were not hidden or unknown at the time of the trial and could have been brought to the circuit court's attention before rendition of the judgment. Indeed, Muhammad cites to the trial transcript in support of his allegations. His request for this court to reinvest jurisdiction in the circuit court so that he may pursue a petition for a writ of error coram nobis is accordingly denied.
We likewise deny Muhammad's alternative request to recall the mandate. We will recall the mandate only in the most extraordinary circumstances. Ward v. State , 2018 Ark. 59, 539 S.W.3d 546. To establish the extraordinary circumstances required, we consider: (1) the presence of a defect in the appellate process, (2) whether federal court proceedings have been dismissed because of an unexhausted state court claim, and (3) whether this is a death penalty case requiring heightened scrutiny. Davis v. State , 2018 Ark. 69, 539 S.W.3d 565. A defect in the appellate process is an error alleged to have been made by this court while reviewing a case where the death sentence was imposed. Id. Such an error is distinguished from one that should have been raised to the trial court or one within our independent review under Rule 4-3 of the Arkansas Rules of the Supreme Court. Id. Muhammad was sentenced to life imprisonment without parole and has failed to allege any extraordinary *558 circumstance warranting recall of our mandate.
Petition and amendment denied.