Cite as 2019 Ark. 373

# SUPREME COURT OF ARKANSAS
**Nos.** CR-87-16 & CR-87-45

| | |
|---|---|
| RICK LOGAN | **Opinion Delivered** December 12, 2019 |
| APPELLANT | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR POST-CONVICTION RELIEF AND MOTION FOR PERMISSION TO REPLY TO THE RESPONDENT'S RESPONSE BENTON COUNTY CIRCUIT COURT |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | [NOS. 04CR-86-100 & 04CR-86-125] |
| | <u>MOTION DENIED; PETITION TO ALLOW COLLATERAL ATTACK ON THE JUDGMENT OR ALTERNATIVELY TO RECALL THE MANDATE DENIED</u>. |

**JOSEPHINE LINKER HART, Justice**

Petitioner Rick Logan seeks permission to proceed in the trial court with a petition under Arkansas Rule of Criminal Procedure 37.1 (1989). He argues that he is entitled to collaterally attack his conviction because the Arkansas statute under which his arrest warrants were issued was subsequently declared unconstitutional by *Fairchild v. Lockhart*, 675 F. Supp. 469 (1987), and the Arkansas Supreme Court failed to address the issue pursuant to Arkansas Statutes Annotated sections 43-2725 to 43-2725.2, currently codified at Arkansas Code Annotated section 16-91-113.[1] Alternatively, Logan requests that this court recall the mandate

---

[1]Section 16-91-113 provides:

(a) The Supreme Court need only review those matters briefed and argued by the appellant, except that where either a sentence for life imprisonment or death

for his two convictions. In addition to Logan's petition, he has tendered a response to the State's response and filed a motion asking this court to allow him to file it. We deny Logan's motion to respond to the State's response and deny Logan's petition.

In 1989, this court affirmed Logan's two convictions. *Logan v. State*, 300 Ark. 35, 776 S.W.2d 341 (1989) (single count of rape and a life sentence) and *Logan v. State*, 299 Ark. 266, 773 S.W.2d 413 (1989) (affirming six of seven counts of rape and reducing one conviction to third-degree carnal abuse, with consecutive forty-year sentences). During the pendency of Logan's direct appeals, the Federal District Court for the Eastern District of Arkansas declared

---

has been imposed the Supreme Court shall review all errors prejudicial to the rights of the appellant.

(b)(1) It shall not be necessary to file a motion for new trial to obtain review of any matter urged for review on appeal.

(2) If a motion for new trial is submitted to the trial court, on appeal, the appellant shall not be restricted to a consideration of matters assigned therein.

(3) Formal exceptions to rulings or orders of the trial court are unnecessary; but for all purposes for which an exception has previously been necessary, it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he or she desires the court to take or his or her objections to the action of the court and his or her grounds therefor. If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him or her.

(c)(1) A conviction shall be reversed and a new trial ordered where the Supreme Court finds that the conviction is contrary to the Arkansas Constitution or the laws of Arkansas, or for any reason determines that the appellant did not have a fair trial.

(2) Where appropriate, the Supreme Court shall reverse the conviction and order the appellant discharged.

(3) In all other cases, the conviction must be affirmed, but the sentence of the appellant may be reduced if it is deemed excessive.

unconstitutional the statute under which Logan's arrest warrant was issued. This issue was not addressed in either of Logan's direct appeals, one of which involved a life sentence.

Before July 1, 1989, Rule 37.2 of the Arkansas Rule of Criminal Procedure required a petitioner that had directly appealed a conviction to petition this court for permission to file a Rule 37 petition. Ark. R. Crim. P. 37.2 (1986). Furthermore, such a petition had to be filed within three years of the date of commitment, unless the grounds for relief would render the judgment of conviction void. *Travis v. State*, 286 Ark. 26, 688 S.W.2d 935 (1985).

We first consider Logan's motion to file his tendered response to the State's response. We note that our rules do not expressly contemplate the filing of a response to a response in motion practice before this court. However, generally with regard to responses, our rules provide that all responses must be filed within ten calendar days. Ark. Sup. Ct. R. 2-1(d). The State filed its response on July 22, 2019, and Logan did not tender his response until August 8, 2019. Logan has not persuaded us that he should be exempted from the time requirement of Rule 2-1(d). Accordingly, we decline to accept it.

Turning to the merits of Logan's petition, we conclude that his reliance on *Fairchild* is unavailing. As the State notes, this court in *Davis v. State*, 293 Ark. 472, 474, 739 S.W.2d 150, 151 (1987), stated that *Fairchild* found that an arrest warrant must be issued by a detached, neutral officer who makes an independent determination of probable cause and, thus, an Arkansas statute that allowed the clerk of the court to issue an arrest warrant based on a supporting affidavit was unconstitutional. However, the *Fairchild* analysis further requires an assessment of whether the affidavit accompanying the warrant supported a finding of probable cause or whether an officer could nonetheless rely on the clerk's determination in accordance with a good-faith exception as articulated in *United States v. Leon*, 468 U.S. 897 (1984).

More importantly for our analysis, even if it was found that Logan's arrest was illegal, it does not follow that his charges should be dismissed. *State v. Block*, 270 Ark. 671, 672, 606 S.W.2d 362, 362 (1981). The *Block* court reversed a circuit court's dismissal of charges when it was shown that the defendant was arrested without a warrant. *Id*. It called the proposition that a criminal "should go scot free" based on the lack of an arrest warrant "unthinkable[.]" 270 Ark. at 672, 606 S.W.2d at 362. While the *Block* court recognized that suppression of evidence seized pursuant to an illegal warrantless arrest was a possible consequence, Logan has not alleged that was required in his case. We hold that the error alleged by Logan is not a ground so basic that the judgment is a complete nullity. *Travis*, *supra*.

Logan further alleges that, even if he is not entitled to relief under Rule 37, he is entitled to some form of relief for the constitutional violation. He contends that, in the case in which a life sentence was imposed, this court should have identified the defective warrant in its mandatory review of "all errors prejudicial to the appellant" and that this court is bound to recall its mandate because he did not receive a fair trial, he received a life sentence, and there are extraordinary circumstances because no objection at trial was possible when the federal district court had not yet found the warrant procedures in Arkansas to be unconstitutional.

We hold that Logan fails to establish any basis for this court to recall its mandate. We will recall the mandate only in the most extraordinary circumstances. *Key v. State*, 2019 Ark. 202, 575 S.W.3d 554. For example, to establish the extraordinary circumstances required, we consider (1) the presence of a defect in the appellate process, (2) whether federal court proceedings have been dismissed because of an unexhausted state court claim, and (3) whether this is a death-penalty case requiring heightened scrutiny. *Id*. A defect in the appellate process is an error alleged to have been made by this court while reviewing a case in which the death

4

sentence was imposed. *Id*. Logan's allegations fail to establish any such error. Accordingly, we deny Logan's request to recall the mandate.

Motion denied; petition to allow collateral attack on the judgment or alternatively to recall the mandate denied.

WOOD and WOMACK, JJ., concur.

**RHONDA K. WOOD, Justice, concurring**. I concur because my analysis differs from the majority's. I agree Logan does not state a claim for relief.

The Rules in effect at the time of Logan's convictions provide that a petition filed under the Rule is untimely if not filed within three years of the date of commitment unless the petitioner states some ground for relief which, if found meritorious, would render the judgment of conviction absolutely void. Ark. R. Crim. P. 37.2(c); *Munnerlyn v. State*, 2018 Ark. 161, 545 S.W.3d 207. Logan, who filed the instant petition more than thirty years after his convictions, alleges that the judgments are void.

Logan's claim for relief is based on the allegation that the arrest warrant was defective in his cases as there was no review by a magistrate. First, he contends that his attorneys were either ineffective or could not have known to raise the argument during the pendency of his direct appeal. Logan points to a federal district court case and newspaper articles to support his contention that the statutes under which the warrant was issued had only been held unconstitutional during the pendency of his direct appeals.

Although Logan appears to believe that his attorneys were unable to raise the warrant issue, if it was in fact deficient, he is misinformed concerning the timing of the law in Arkansas. In 1980, this court held that such warrants were defective when not issued by a judicial officer––well before Logan's trial and appeal. *Webb v. State*, 269 Ark. 415, 601 S.W.2d 848 (1980). To

5

the extent that Logan raises an ineffective-assistance-of-counsel claim in that regard, the issue could have been addressed in a timely Rule 37.1 petition.

Logan's second argument is that even if he is not entitled to relief under Rule 37, he is entitled to some other form of relief for an alleged constitutional violation. He contends that, in the case in which a life sentence was imposed, this court should have identified the defective warrant in its mandatory review of "all errors prejudicial to the appellant" and corrected the error. As such, this court is bound to recall its mandate because he did not receive a fair trial.

Logan fails to establish any basis for this court to recall its mandate. Logan would have this court recall the mandate in order to correct what he characterizes as an error in its previous order on appeal. We will recall the mandate only in the most extraordinary circumstances. *Key v. State*, 2019 Ark. 202, 575 S.W.3d 554. Such an error is distinguished from one that should have been raised to the trial court or one within our independent review under Arkansas Supreme Court Rule 4-3. *Id.*

For these reasons, I concur.

WOMACK, J., joins.